*Hines & Jordan,* contra.

---

## 2797. HUTCHINS v. THE STATE.

1. A pauper's affidavit filed for the purpose of relieving the plaintiff in error of the payment of costs in this court must, in order to be effective to that end, be such an affidavit as would support a prosecution for perjury.

2. A justice of the peace has no authority to administer an oath elsewhere than within the limits of his own county.

3. Presumptively, an affidavit is executed at the place stated in the caption, if any. Hence, when an affidavit is headed as being executed in one county, and the officer before whom it is made appears to be a justice of the peace of another county, the affidavit is presumptively illegal.

DECIDED NOVEMBER 11, 1910.

*W. I. Geer,* for plaintiff in error.

*J. A. Laing, solicitor-general, R. R. Arnold,* contra.

POWELL, J. The plaintiff in error relied upon a pauper's affidavit to avoid the payment of the costs in this court. The case was tried in the superior court of Miller county, and the pauper

affidavit is headed: "Georgia, Miller County." The jurat is signed, "H. H. Grimsley, ex officio J. P., Early County, Ga."

It is obvious that an affidavit which would not support a prosecution for perjury is not sufficient to operate as a pauper's affidavit adequate to relieve a plaintiff in error from the payment of costs. A justice of the peace has no authority to perform any of the functions of his office elsewhere than within the limits of his own county. If the place of execution is not disclosed, it will be presumed that the officer acted within the sphere of his jurisdiction; but where the caption of the instrument names a place, that will be presumed to be the place where the instrument was executed. *Abrams* v. *State,* 121 *Ga.* 170 (48 S. E. 965); *Allgood* v. *State,* 87 *Ga.* 668 (6), (13 S. E. 569); *Rowe* v. *Spencer,* 132 *Ga.* 426 (64 S. E. 468); *Fain* v. *Garthright,* 5 *Ga.* 6 (3), 10. As it appears, according to the record in this case, that the pauper's affidavit was executed in Miller county before a justice of the peace of Early county, it is insufficient. These facts having been disclosed to the court upon the call of the case for argument, the court allowed the case to be submitted (under the exception contained in rule 17 of this court) subject to the payment of the costs within ten days. That period having expired and the costs not having been paid, the writ of error is                    *Dismissed.*