SOVEREIGN CAMP WOODMEN OF THE WORLD v. SHAW et al.

BECK, J. 1. Where, on the trial of the issue made by plea and answer to a suit upon an insurance certificate against a fraternal beneficiary association that issued the same (the contention of the defendant being that the insured had forfeited his right under the certificate, by reason of his non-payment of dues while in good health), it appeared from the evidence introduced that there was a provision in the by-laws of the association, which were made a part of the contract of insurance, that upon failure to pay the specified dues and assessments for any particular month on or before the first day of the month following, the insured "shall stand suspended," and it further appeared from the evidence that the insured had failed to pay such dues at the time specified, such insured, by operation of the terms of the contract, was actually suspended without affirmative or judicatory act upon the part of the association issuing the certificate. Beeman v. Supreme Lodge, 29 Pa. Super. Ct. 387, and cases there cited.

(a) It appearing that the certificate or contract of insurance contained the provision that within ten days from the date of his suspension the delinquent member might be reinstated by paying the assessment due, upon proof that he was at that time in good health, but that it also contained the further provision that no officer, employee, or agent of any camp had the power or authority to waive any of the conditions upon which the beneficiary certificate was issued, the notice to the officer of the local camp, who received payment of the dues after the member was suspended, that the delinquent member was at that time not in good health, could not operate to change the terms of the contract or relieve the forfeiture. Rome Industrial Insurance Co. v. Eidson, 138 Ga. 592 (75 S. E. 657).

2. It appearing from the testimony of a witness introduced by the plaintiff, for the purpose of showing the payment of the dues for the non-

payment .of which the insured had been suspended, that the witness had been requested by the brother of the insured to investigate and see how the insured stood with the association, as his brother was very sick and had not been able to see about his business, and that the brother of the insured requested the witness if the insured was behind to pay the dues, which the witness promised to do and did do, it was competent, after proving payment under the circumstances detailed, to show by the witness that he paid them voluntarily out of his own money; and, upon the issue as to whether or not the defendant had kept the dues thus paid, and thereby became estopped, or waived the forfeiture, it was also competent to show that the defendant had tendered back this money to the witness who had paid it to the local officer of the association under the circumstances detailed; and it was error for the court to rule otherwise.

3. The action taken by the local camp of the association at the time of the death of the insured was immaterial and irrelevant, and should have been excluded on objection.

4. Where evidence which was objectionable at the time it was offered, because secondary in character, being evidence of the contents of a certain writing, was admitted by the court provisionally upon a statement of the attorney for the party offering it that the writing would be accounted for, it is not ground for the grant of a new trial that the evidence was allowed to remain in the record without any further proof of the loss of the writing, it not appearing that any further motion was made to exclude the evidence, or that the court's attention was subsequently called to it.

5. Except as indicated in the foregoing headnotes, rulings of the court in reference to the evidence were not erroneous.

6. Under the evidence in the case, it was error for the court to direct a verdict for the plaintiff. The issue of the liability of the association should have been submitted to the jury, so that they might pass upon the question whether or not there was a forfeiture under the provisions of the contract of insurance or a waiver of that forfeiture by the association by a retention of the payment of the dues in question after notice of the forfeiture, suspension of the member, and the payment under the circumstances existing at the time of payment.

*Judgment reversed. All the Justices concur.*
June 22, 1915.

Action upon insurance certificate. Before Judge Thomas. Berrien superior court. March 20, 1914.

*A. H. Burnell, W. D. Buie,* and *D. M. Buie,* for plaintiff in error. *Knight, Chastain & Gaskins* and *E. K. Wilcox,* contra.