10946. NEW YORK LIFE INSURANCE COMPANY *v.*
PATTEN.

Where the written application, signed by the applicant, for a policy of life insurance contained a stipulation, " that only the president, a vice president, a second vice-president, a secretary, or the treasurer of the

company can make, modify, or discharge contracts, or waive any of the company's rights or requirements, and that none of these acts can be done by the agent taking this application," and where the applicant made in his application a false representation as to a matter material to the risk, to wit, that no application for insurance upon his life had ever been declined or was then pending, and where the agent who solicited the application and delivered the policy to the applicant knew at the time of soliciting the application and the time of delivering the policy that this representation was false, the agent's knowledge was not imputable to the company, and, the company itself having no such knowledge, the policy was void and no recovery could be had thereon.

DECIDED MARCH 2, 1921.

Action on insurance policy; from city court of Valdosta — Judge Cranford. September 13, 1919.

*Bryan & Middlebrooks, Franklin & Langdale,* for plaintiff in error. *E. K. Wilcox,* contra.

LUKE, J. This was a suit upon a policy of life insurance issued by the New York Life Insurance Company. A verdict was returned in favor of the plaintiff, and a new trial was denied. The undisputed evidence showed that the insured, in his written and signed application for the policy sued upon, made a false representation as to a matter material to the risk, to wit, that no application for insurance upon his life had ever been declined or was then pending. It also appears that in that application he stipulated as follows: " I agree . . that only the president, a vice-president, a second vice-president, a secretary, or the treasurer of the company can make, modify, or discharge contracts, or waive any of the company's rights or requirements, and that none of these acts can be done by the agent taking this application." There was evidence showing that at the time of taking the application and the time the policy was delivered, the defendant company's agent, who solicited the application and delivered the policy knew of the falsity of this representation by the insured. It is conceded by counsel for the insured that the plaintiff could not legally recover except for the last stated fact. He insists, however, that as the soliciting agent knew of the falsity of the representation made by the insured in his application, the agent's knowledge was the knowledge of the company, and the company therefore waived its right to set up this false representation as a defense to the action.

This court certified to the Supreme Court the question whether,

under the above-stated facts, the knowledge of the company's agent who solicited and delivered the policy was the knowledge of the company, and the answer of the Supreme Court is substantially set forth in the headnote of this decision. See the opinion of that court, 151 *Ga.* 187 (106 S. E. 183).

It follows from what has been said that the verdict in favor of the plaintiff was contrary to law and the evidence and that the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*