11552. SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* RICKS.

STEPHENS, J. 1. Where the constitution and laws of a fraternal benefit society provide that "no officer, employee or agent of the Sovereign Camp, or of any Camp, has the power, right, or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary, or waive any of the provisions of this constitution, or these laws, nor shall any custom on the part of any Camp or any number of Camps — with or without the knowledge of any sovereign officer — have the effect of so changing, modifying, waiving, or foregoing such laws or requirements," and that "each and every beneficiary certificate is issued only upon the conditions stated in and subject to the constitution and laws then in force or thereafter enacted," and where the application of one applying for membership in the society and for the issuance to him of a benefit certificate by the society provides that the provisions of the constitution and laws of the society shall form a part of any beneficiary certificate issued by the society, and where the constitution and laws provide that the application and certificate shall constitute a part of the beneficiary contract between the society and the member, no statement made by any officer, employee, or agent to such application, either to induce him to make application, or after he became a member and received a certificate, that the society had waived certain provisions in its constitution and laws, which were expressed in the certificate and became a part of the contract, could amount to a waiver by the society of any of the provisions of the constitution or laws or conditions in the contract. *New York Life Ins. Co.* v. *Patten,* 26 *Ga. App.* 350 (106 S. E. 184).

2. Where the certificate provided that if the holder thereof should enter the service in any branch of the United States army or navy as an officer or enlisted man, and should within thirty days of entering such service notify the home office of the society of such fact and pay a certain additional premium required, he would then be insured for the full amount prescribed in the certificate, but that upon his failure to give such notice and pay such additional premium after entering the army or navy of the United States the amount prescribed in the certificate would, in the event of his death while in the service outside the boundaries of the United States of America, be reduced to an amount to be ascertained by certain rules and regulations prescribed. A statement made by an agent of the society to the applicant applying for a certificate in contemplation of entering the army of the United States, that the society had waived the payment of such additional premium,

and that in the event of the certificate-holder's death· beyond the boundaries of the United States while in the United States army or navy during the life of the certificate the beneficiary or beneficiaries named in the certificate would receive the full amount prescribed in the certificate, less the amount of the additional premium required, did not amount to a waiver of the conditions in the certificate.

3. In a suit against a fraternal benefit society by a beneficiary under a certificate issued by the society, where the insured, during the life of the certificate, had died outside the boundaries of the United States of America while serving in the navy of the United States, and where the undisputed evidence showed the facts above set forth, a verdict for the plaintiff was unauthorized.

*Judgment reversed.    Jenkins, P. J., and Hill, J., concur.*

DECIDED MARCH 4, 1921.

Action on insurance policy; from Colquitt superior court — Judge Thomas.    April 6, 1920.

*L. L. Moore,* for plaintiff in error.

*Dowling & Askew,* contra.