## 13801. BRYANT *v.* SOVEREIGN CAMP WOODMEN OF THE WORLD.

1. A condition precedent to the hearing of a case on its merits in this court is the payment of costs or the filing in the clerk's office of the court below of a proper affidavit by the plaintiff in error of his inability to pay the costs. An affidavit executed before a justice of the peace not in his own county is insufficient.

2. Each of the special grounds 4, 5, 6, and 7 of the motion for a new trial relates to the admission of evidence, and none of these require the grant of a new trial.

(*a*) Even if the admission of the evidence as complained of in ground 5 was error, the evidence is not of such materiality that its admission would require a new trial.

(*b*) Ground 7 is not complete within itself, as, in order to be understood, it would require reference to another ground.

(*c*) Evidence substantialy the same as that complained of in grounds 4, 6, and 7 was admitted without objection.

(*d*) Granting that all the evidence to the admission of which objection was made should have been excluded, the evidence remaining would have demanded a verdict for the defendant.

(*e*) Under the constitution and by-laws of the Sovereign Camp of the Woodmen of the World, the failure to pay assessments promptly when due automatically suspended the insured "without affirmative or judicatory act upon the part of the association."

3. There is no merit in the contention of plaintiff in error that the evidence of the witness Jinks "clearly shows that a custom and usage had been established which waived a strict observance of the rules as to paying dues."

DECIDED JANUARY 10, 1923.

Action on insurance policy; from Taylor superior court — Judge Munro. June 10, 1922.

Upon a certificate of insurance Frances A. Bryant brought suit against the Sovereign Camp of the Woodmen of the World, alleging that her husband, " the insured under said certificate, departed this life on the 7th day of June, 1920, and upon his death said defendant became indebted to petitioner in the sum of $1000." In its plea the defendant denied liability, and further pleaded that " the certificate of insurance held by George F. Bryant, the insured, was void for the reason that the said insured had been suspended as a member of this society because of the non-payment of the May, 1920, installment of the annual assessment for said year." After hearing the evidence the court directed a verdict for the defendant. The plaintiff made a motion for a new trial, which was overruled, and she excepted.

*Gilbert C. Robinson, O. T. Monfort,* for plaintiff.

*Robert G. Plunkett,* for defendant.

BLOODWORTH, J. (After stating the foregoing facts.) 1. A condition precedent to the hearing on its merits of a case in this court is the payment of costs or the filing in the clerk's office of a proper affidavit by the plaintiff in error of his inability to pay the costs. The pauper's affidavit in the record in this case was executed before a justice of the peace of Macon county, while the place stated in the caption is " Georgia, Taylor county." Under the ruling in *Hutchins* v. *State,* 8 *Ga. App.* 409, and cases cited on page 410 (69 S. E. 309), this affidavit is not sufficient to relieve the plaintiff in error of the payment of costs, and the clerk of this court, who has no discretion in the matter, properly refused to file the briefs of the attorney for the plaintiff in error until the costs were paid. By its terms the act of August 17, 1918, entitled " An act to provide for a prima facie presumption " in certain cases (Ga. L. 1918, p. 209), is applicable only to deeds, mortgages, or other *registrable* instruments.

2. Grounds 4, 5, 6 and 7 of the motion for a new trial relate to the admission of evidence.

(*a*) Even should it be conceded that the admission of the evidence of which complaint is made in the 5th ground was error, the evidence was not of such materiality that its admission would require the grant of a new trial.

(*b*) " Grounds of a motion for a new trial should be complete within themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error." *Bowen* v. *Smith-Hall Grocery Co.,* 146 *Ga.* 157 (4) (91 S. E. 32) ; *Powell* v. *State,* 25 *Ga. App.* 329 (3) (103 S. E. 174) ; *Moore* v. *State,* 27 *Ga. App.* 781 (5) (110 S. E. 55). This ruling would dispose of ground 7 of the motion for a new trial, though we discuss it in the next paragraph.

(*c*) Evidence substantially the same as that complained of in grounds 4, 6, and 7 was admitted without objection, and " whether the court erred in allowing a particular witness to testify about certain facts over objection is immaterial where the same facts were shown by other evidence to which no objection was made." *Copeland* v. *Ruff,* 20 *Ga. App.* 217 (1) (92 S. E. 555) ; *Louisville & Nashville R. Co.* v. *Lovelace,* 26 *Ga. App.* 287 (3) (106 S. E. 6), and citations.

(*d*) Granting that all the evidence to the admission of which objection was made, as shown by the several grounds of the motion for a new trial, should have been excluded, the evidence remaining would have demanded a verdict for the defendant. See, in this connection, *Miller* v. *Robbins Co.,* 27 *Ga. App.* 245 (3) (107 S. E. 600). In *Sovereign Camp* v. *Shaw,* 143 *Ga.* 559 (1) (85 S. E. 827), it was held: " Where, on the trial of the issue made by plea and answer to a suit upon an insurance certificate against a fraternal beneficiary association that issued the same (the contention of the defendant being that the insured had forfeited his right under the certificate, by reason of his non-payment of dues while in good health), it appeared from the evidence introduced that there was a provision in the by-laws of the association, which were made a part of the contract of insurance, that upon failure to pay the specified dues and assessments for any particular month on or before the first day of the month following, the insured ' shall stand suspended,' and it further appeared from the evidence that the insured had failed to pay such dues at the time specified, such insured, by operation of the terms of the contract, was actually suspended without affirmative or judicatory act upon the part of the association issuing the certificate. Beeman v. Supreme Lodge, 29 Pa. Super. Ct. 387, and cases there cited." The insured died

on June 7th.   It is undisputed that the last money paid by him was to Jinks in April, and that this payment was to reimburse Jinks, a collector for the local camp, for monthly assessments due prior to that time; that the assessment for May has never been paid, and that the money to pay this assessment was not tendered until after the death of the insured.

(e)  Under the constitution and by-laws governing the order, as shown in the record, the failure to pay the assessment for May automatically suspended the insured, and, as he had not been reinstated, he was entitled to no benefit under the certificate.

3.  There is absolutely no merit in the contention of plaintiff in error that "the evidence of Jinks, to the effect that he had for four years permitted members to pay their dues from the 10th to the 15th of the month following the date said dues were due, to wit, the last day of the preceding month, clearly shows that a custom and usage had been established which waived a strict observance of the rules as to paying dues."  Jinks swore: "My reports are supposed to go off from the 1st to the 5th.  After the first year I was clerk I tried to get them off not later than the 5th, but I have been as late as the 15th maybe or about the 12th in making these reports.  The members would pay me up until I actually made the report."  He was, however, but a collector with no power to waive any of the laws of the organization.  The laws of Georgia regulating fraternal-benefit societies expressly provide that "the constitution and laws of the society may provide that no subordinate body or any of its subordinate officers or members shall have power or authority to waive any of the provisions of the laws and constitution of the society, and the same shall be binding on the society and each and every member thereof and on all beneficiaries of members."  Park's Ann. Code, § 2564 (jj).  One of the rules adopted by the order, as shown by the record in this case, is as follows: "Section 82 (a).  No officer, employee, or agent of the Sovereign Camp or of any camp has the power, right, or authority to waive any of the conditions upon which beneficiary certificates are issued, or to change, vary, or waive any of the provisions of this constitution or these laws; nor shall any custom on the part of any camp or any number of camps, with or without the knowledge of any sovereign officer, have the effect of so changing, modifying, waiving, or foregoing such laws or requirements."  There

is no evidence in the record to show that the Sovereign Camp, or any person by it authorized, ever did any act or established any custom or usage that would result in waiving the positive requirements of its laws as to the prompt payment of the assessments due by the insured in this case. See *Sovereign Camp* v. *Shaw,* supra. At the time of his death the insured had been suspended for nonpayment of dues and had not been reinstated, and, as there was no waiver by the society of the payment of these dues, the court properly directed a verdict for the defendant.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*