13609. WILLIS *v.* SOVEREIGN CAMP WOODMEN OF THE WORLD.

JENKINS, P. J. 1. Where there was a provision in the by-laws of a fraternal beneficiary association, which by the terms of the insurance certificate issued to a member were made part of the contract of insurance, that, upon failure to pay the specified dues and assessments " on or before the first day of the month following," the insured " shall stand suspended and his certificate shall be void during such suspension," and where the insured failed to pay such monthly dues within the time specified, " such insured, by operation of the terms of the contract, was actually suspended without affirmative or judicatory act upon the part of the association issuing the certificate." *Sovereign Camp* v. *Shaw*, 143 *Ga.* 559 (85 S. E. 827). The rule is otherwise when " there is no law or rule of the association expressly providing that such non-payment will of itself work a forfeiture." *Warwick* v. *Knights of Damon*, 107 *Ga.* 115 (32 S. E. 951); *Starnes* v. *Atlanta Police Asso.*, 2 *Ga. App.* 237 (58 S. E. 481).

2. Subject to the limitation that " a fraternal beneficial order, by the adoption of amendments to its constitution or by-laws, cannot defeat or abridge essential and substantial rights created by a covenant previously entered into in a certificate of insurance issued by it " (*Eminent Household of Columbian Woodmen* v. *Eppes*, 24 *Ga. App.* 762, 102 S. E. 174), where such a certificate of insurance expressly provides that it is subject not only to the existing charter provisions and laws of the order, but also to " all amendments to each thereof which may be hereafter made," such amendments are binding upon a member entering upon the contract of insurance, particularly where as here the member has endorsed his signed acceptance upon the certificate. *Sovereign Camp* v. *Thornton*, 115 *Ga.* 798, 802 (42 S. E. 236); *Ancient Order* v. *Brown*, 112 *Ga.* 545 (2), 551 (37 S. E. 890).

3. A provision in such a certificate and by-laws of a fraternal association that no officer, employee, or agent of any local " camp " of the association has the " power, right, or authority to waive any of the provisions " of the order governing the contract of insurance, is binding upon the holder of such a certificate. The mere action, therefore, of a local officer in receiving payments of dues from a member after his suspension for delinquency in the payment of his dues, or notice or knowledge on the part of such a local officer as to the health of the delinquent at the time of his attempted reinstatement, will not of themselves operate as a waiver by the association of such previous suspension or forfeiture. *Sovereign Camp* v. *Shaw*, 143 *Ga.* 559 (1 *a*, 3) (85 S. E. 827); *Rome Industrial Ins. Co.* v. *Eidson*, 138 *Ga.* 592 (1, 2) (75 S. E. 657); *N. Y. Life Ins. Co.* v. *Patten*, 151 *Ga.* 185, 186, 187 (106 S. E. 183), s. c. 26 *Ga. App.* 350 (106 S. E. 184); *Sovereign Camp* v. *Ricks*, 26 *Ga. App.* 374 (1, 2) (106 S. E. 185).

4. While it is ordinarily true that the insurer itself may waive its right to insist upon a forfeiture for failure to pay premiums at the specified time by reason of its accepting and retaining premiums thereafter paid, and while it is ordinarily a question for the jury whether or not such action by the governing authorities does or does not con-

stitute an estoppel or waiver of the forfeiture (*Sovereign Camp* v. *Shaw,* supra; *Mass. Benefit Life Assn.* v. *Robinson,* 104 *Ga.* 256 (3), 281 (30 S. E. 918, 42 L. R. A. 261); *Ga. Masonic Life Ins. Co.* v. *Gibson,* 52 *Ga.* 640 (3), 642), still where, as here, the by-laws provide that the member might "within ten days from the date of his suspension, and if in good health, and not addicted" to intoxicants, be restored to membership and his beneficiary certificate again become valid by paying "all arrearages and dues to the clerk of his camp," but that after such ten days a written statement and warranty of good health is required, and that "any attempted reinstatement shall not be effective for that purpose unless the member be in fact in good health at the time," and where it appears that the arrearages were paid to the local officer and forwarded to the governing authorities more than ten days subsequent to the member's suspension, but without any written statement or warranty of the member's good health and without notice to the insurer that the member was at the time of such payment then in bed with a serious illness from which he later died, and that such payment was received by the insurer upon its written statement embodied in its receipt to the member that, "if any of the sums herein receipted for are paid for the purpose of reinstating the sovereign so paying, the same are received upon the express condition and agreement that they shall be held in trust for him until all the requirements of the laws of this society in relation to reinstatement have been complied with; that the payment and the giving of this receipt shall not be a waiver of such requirements, and that he has no claim upon this society until he has fully complied therewith," such receipt and retention of the delinquent premiums, under the uncontradicted facts set forth above, did not constitute an estoppel or waiver of the insurer's rights growing out of such automatic suspension. The court therefore properly directed a verdict for the defendant, and there was no error, upon this the sole reason assigned with the general grounds, in refusing the motion for a new trial.

*Judgment affirmed. Stephens and Bell, JJ., concur.*
Decided February 8, 1923.

Action on benefit certificate; from Pulaski superior court — Judge Graham. March 16, 1922.

*C. A. Weddington,* for plaintiff. *Marion Turner,* for defendant.