26883. AMERICAN NATIONAL INSURANCE CO. *v.* BROWN.

DECIDED JUNE 9, 1938.

*Garrett & McDonald,* for plaintiff in error.

*Blalock & Blalock, J. D. Blalock, Tom C. Blalock,* contra.

FELTON, J. The insurance policy sued upon by the beneficiary in this case provided that premiums were to be paid quarterly in advance, and that the company would pay by loan against the policy any premium unpaid at the end of its grace period, provided the loan value of the policy at the end of the current policy year was sufficient to pay the premium then due, with interest in advance for the current premium payment period at 6 per cent. per annum and all outstanding indebtedness and interest thereon; *and* that if at any time such loan value should not be sufficient to pay the entire premium and all outstanding indebtedness with interest thereon, the available loan value should be applied to continue the policy in force as long as it would suffice to pay for even one day's premium and interest, and that while the policy was thus continued in force the payment of premiums might be resumed without evidence of insurability. The undisputed evidence showed that the insured did not pay the quarterly premium due on April 25, 1933, and that the available loan value was sufficient to carry the policy to June 18, 1933; also that no notice was given to the insured by the company of the amount of the loan available under the terms of the policy, or as to the time for which the loan would keep the policy in force. The evidence was that the company did not even compute the amount of the loan and the time until after June 18, 1933, and that a notice was mailed to the insured after he died on July 1, 1933.

We deem it unnecessary to consider any but the one controlling issue in the case, and that is whether the company was under the duty to notify the insured of the amount of the premium loan

made and the time it would keep the policy in force, in view of the provisions of the policy. We think, and hold, that the company impliedly agreed, by agreeing to make such loans, to give such notice to the insured a reasonable length of time before the policy expired, for the reason that the company was in exclusive possession of the information and means to know the amount of the loan, and because the average person, even if he had the data, could not compute the same, while on the other hand the company employs an actuary, an expert, whose sole duty it is to perform the duty of making such complicated mathematical calculations. While we have been unable to find any case directly in point, the principle we are applying has been declared in various decisions. It was held in Kaeppel v. Mutual Life Insurance Co., 78 Fed. (2d), 899, that where a participating life policy gave the insured the option of applying the dividends toward the payment of premiums, the insurer was required to give notice to the insured of the amount of the dividend apportioned to his policy before forfeiting it for non-payment of a premium, notwithstanding the fact that the insured had not exercised his option to have the dividends so applied. The reasoning is that the insured can not be required to pay the balance of a premium until he has knowledge of how much the balance is. The same logic applies to the right of an insured to know the expiration date of his policy. The theory of the Kaeppel case is that the insurance company has the exclusive information and means to compute the dividend due. See also 3 Couch on Insurance, 2192, § 667; Richards on Insurance (4th ed., 1932), 622; Vance on Insurance (2d ed., 1930), 297. We think that under the facts in this case the company could not forfeit the policy without giving the insured notice of when his policy would expire. In view of the above ruling it is unnecessary to pass upon the other questions presented. Since a verdict was demanded against the insurance company, any errors as to the admission of evidence or the charge of the court would be immaterial.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*