27932.  SOVEREIGN CAMP WOODMEN OF THE WORLD v.
COOPER.

Decided March 13, 1940.   Rehearing denied March 26, 1940.

396

*Anderson & Anderson,* for plaintiff in error.

*Harry S. Strozier, Mallory C. Atkinson,* contra.

STEPHENS, P. J. (After stating the foregoing facts.)

The plaintiff alleged that in April, 1932, he was a member in good standing in the defendant association; that the certificate of insurance issued to him by the defendant provided that after thirty-six monthly payments had been made upon the certificate, when any subsequent monthly payment was not paid by him and he had not previously thereto selected one of the options available to him under the nonforfeiture provisions of the certificate, the defendant would, without any action upon the plaintiff's part, "advance as a loan to the said member the amount of the monthly payments required to maintain his certificate in force from month to month until such time as the accumulated loans, together with compound interest thereon at the rate of five per cent. per annum, and any other indebtedness hereon to the association, equal the cash value hereof at the date of default in the payment of the monthly payments;" that this provision further provided that "when the said cash value has been consumed in loans advanced and interest thereon, then this

certificate shall become null and void; provided that while this certificate is continued in force under this provision, the member may resume the payment of the monthly payments without furnishing evidence of insurability;" that on the above date the plaintiff ceased to pay the monthly premiums on the certificate, the required number of monthly payments having been previously made by him on the certificate; that the defendant, under the above provisions of the certificate, thereupon advanced against the cash value of the certificate the necessary sums to pay the monthly premiums on the certificate; that the plaintiff relied upon the defendant "to keep in full force and effect the said certificate" under the automatic premium loan provisions; that since the payment in March, 1932, the plaintiff has made no further monthly premium payments to the defendant, but continued to rely upon the defendant to keep the certificate in force under the premium loan provisions, depending upon it to advise him when the cash value of the certificate had been exhausted by the payment of monthly premiums, and that the computation of the time necessary for this cash value to become thus exhausted by an exercise of the premium loan provisions of the certificate was a matter of difficult ascertainment, involving mathematical calculations and formulæ, and involving calculations which the plaintiff and "insureds generally" would be unable to correctly solve; that the defendant kept the certificate in force under such provisions until and including December, 1934, and on January 31, 1935, it canceled the plaintiff's certificate for nonpayment of monthly premiums; that the plaintiff was not notified of this action by the defendant, nor was he ever previously advised that the cash value of the certificate was about to become exhausted by reason of the application thereof to the payment of his premiums, and that it would be necessary for the plaintiff to resume the payment of the monthly premiums required in order to maintain the certificate of insurance; that it was not until sometime thereafter that he learned of the cancellation of the certificate, and the company now refuses to issue to him another certificate or to permit him to resume monthly payments on the certificate; and that the defendant, without any just cause or fault upon the part of the plaintiff, has repudiated and canceled such certificate without any notice to the plaintiff as alleged, and the plaintiff therefore seeks to recover the amount of monthly premium payments made by him to the defendant.

The certificate provided, in addition to the automatic premium loan provisions, that, upon the failure of any member to pay the required monthly payments of premiums, etc., the "certificate shall be void," and "the contract between such person and the association shall thereby completely terminate, and all moneys paid on account of such membership shall be retained by the association as his liquidated proportionate part of the cost of doing business and the cost of the protection furnished on the life of said member from the delivery of his certificate to the date of his suspension." Therefore, unless the automatic premium loan provisions of the certificate had become available to the plaintiff, and had provided for the payment of his monthly premiums when the plaintiff ceased paying such premiums, the defendant could have canceled the certificate. *Sovereign Camp* v. *Shaw,* 143 *Ga.* 559 (85 S. E. 827) ; *Willis* v. *Sovereign Camp,* 29 *Ga. App.* 470 (116 S. E. 52) ; *Bryant* v. *Sovereign Camp,* 29 *Ga. App.* 359 (115 S. E. 285) ; *Sovereign Camp* v. *Hart,* 187 *Ga.* 304 (200 S. E. 296). However, under these provisions the defendant itself undertook to keep the certificate in force until the cash value of the certificate had become exhausted, by advancing to the credit of the plaintiff the monthly premium and charging such advencements, together with 5% compound interest thereon, against the cash value of the certificate. The plaintiff contends that, because of the intricate mathematics involved, it became the duty of the defendant before canceling the certificate, to notify the plaintiff that such reserve was about to become exhausted, so that he could continue his monthly payments as provided in the certificate. This question has been determined favorably to the plaintiff by this court in *American National Insurance Co.* v. *Brown,* 58 *Ga. App.* 70 (197 S. E. 658), involving a similar clause in an insurance contract, wherein this court held: "We deem it unnecessary to consider any but the one controlling issue in the case, and that is whether the company was under the duty to notify the insured of the amount of the premium loan made and the time it would keep the policy in force, in view of the provisions of the policy. We think, and hold, that the company impliedly agreed, by agreeing to make such loans, to give such notice to the insured a reasonable length of time before the policy expired, for the reason that the company was in exclusive possession of the information and means to know the amount

of the loan, and because the average person, even if he had the data, could not compute the same, while on the other hand the company employs an actuary, an expert, whose sole duty it is to perform the duty of making such complicated mathematical calculations. . . We think that under the facts in this case the company could not forfeit the policy without giving the insured notice of when his policy would expire."

Therefore, upon the wrongful repudiation by the defendant of this contract of insurance, under the facts alleged, which the plaintiff accepted, the plaintiff could bring his action to recover the damages suffered by him as a result of the cancellation of the certificate of insurance and repudiation by the defendant of its contract. The defendant, by its action, so accepted by the plaintiff, has refused to further perform the contract and to continue it in force. The plaintiff was at liberty to treat the contract as breached by the defendant, and to take the defendant at its word that it would accept no further premiums. The plaintiff was therefore relieved from tendering any further premiums to the defendant. "'Where there is a breach of a contract of insurance by the insurer, as where an insurance company refuses to accept a premium on a life and health insurance policy tendered in accordance with the terms of the contract, and thus *repudiates* the contract, the insured *may recover any damage he has sustained by reason of the breach,* and *ordinarily* his measure of damages is the premiums paid, with interest thereon. *Alabama Gold Life Insurance Co.* v. *Garmany,* 74 *Ga.* 51; *Order of Railway Conductors* v. *Clark,* 159 *Ga.* 390, 392 (125 S. E. 841) ; *Glover* v. *Bankers Health & Life Insurance Co.,* 30 *Ga. App.* 308 (117 S. E. 665, 48 A. L. R. 111). While, as a general rule, where the action of the insurance company does not amount to a repudiation of the contract of insurance, but amounts merely to a refusal to pay, as required by the policy, sick benefits accruing under its terms, the right of action of the insured is governed by the policy itself, and he is entitled only to sue for and recover the amount of the benefits thus accruing (29 C. J. 279), still *if the action of the insurance company amounts to a repudiation of the contract itself,* and is accompanied by a declaration to the effect that no future premiums will be received, the insured may treat the contract as breached.' (Italics ours.) *Industrial Life & Health Ins. Co.* v. *Thomas,* 43 *Ga. App.* 679 (159

S. E. 885)." *Prudential Ins. Co.* v. *Ferguson,* 51 *Ga. App.* 341, 345, 346 (180 S. E. 503). Ordinarily where an insurance company wrongfully refuses to accept further premiums, or to continue the insurance, and the insured brings an action for breach of the contract, the measure of damages in such case is the amount of premiums paid, with interest on each from the time such payment was made. *Alabama Gold Life Insurance Co.* v. *Garmany,* supra; *Moore* v. *Prudential Insurance Co.,* 56 *Ga. App.* 356 (192 S. E. 731); *Arnold* v. *Empire Mutual Insurance Co.,* 3 *Ga. App.* 685 (5); (60 S. E. 470); *State Mutual Life Insurance* v. *Forrest,* 19 *Ga. App.* 296 (6-e) (91 S. E. 428). In the case now under consideration the plaintiff accepted the breach by the defendant and elected to treat it as a repudiation of the contract, and the present suit is to recover the damages sustained by the plaintiff, to wit: the premiums paid with interest.

Where the defendant insurance company wrongfully canceled the certificate without giving notice, was the plaintiff bound by the stipulations of the policy that, upon the termination of the contract of insurance because of nonpayment of premiums, "all insurance paid on account of such membership shall be retained by the association as his liquidated part of the cost of doing business and the cost of the protection furnished on the life of said member from the delivery of his certificate to the date of his suspension?" We think not. This would be permitting the defendant to retain all premiums paid, where the cancellation of the certificate resulted because of the defendant's wrongful act and failure to give the plaintiff any notice that the cash reserve was about to become exhausted and that it would be necessary that he resume the payment of his monthly premiums under the certificate if he desired to maintain the certificate in force. Besides, the plaintiff is not suing on the contract. The contract had been repudiated by the defendant, which repudiation had been accepted by the plaintiff. Therefore the plaintiff has the right to recover the damages sustained. In what way has he been damaged? By the payment of monthly premiums to the defendant to maintain the insurance contract on his life. The plaintiff has the right to recover the amount of premiums paid to the defendant by him, with interest, as money had and received, and his rights in the premises "are not to be measured by any stipulation in the contract" which has been repudiated, and

upon which he is not suing. See *Supreme Council* v. *Jordan,* 117 *Ga.* 808, 812 (45 S. E. 33). The fact that the plaintiff was insured during the time he was paying his monthly premiums, and before repudiation or cancellation by the defendant of the contract of insurance, does not support the defendant's contention that the plaintiff would not be entitled to recover the amount of premiums paid, with interest, but that the plaintiff should be compelled to account for the insurance protection afforded to him by the defendant during the time the certificate was in force. The insurance protection that the plaintiff was purchasing from the defendant was protection until the time of his death. By the wrongful cancellation of the insurance contract the plaintiff was, by the act of the defendant itself, denied this protection. It has been held that in such circumstances the insured is entitled to recover the premiums with interest, without accounting for any protection received by him before the repudiation of the contract by the company. See *Alabama Gold Life Ins. Co.* v. *Garmany,* supra; *Bankers Health & Life Insurance Co.* v. *James,* 177 *Ga.* 520 (3) (170 S. E. 357).

This brings up for consideration whether or not the plaintiff would be entitled to recover the amount of the premiums paid by him under the old certificate issued to him by the defendant, and which was surrendered by him in 1929 upon receipt by him in its place and stead of a new certificate which contains the automatic loan provision as to premium payments above referred to. The plaintiff alleges that the provisions in the old certificate were merged into the new certificate, and that the old contract was merged into the new contract. Both certificates are all part of the same contract, in so far as the plaintiff's damages are concerned. This is not a suit on the contract, but is a suit for damages caused by the wrongful cancellation of the contract, amounting to repudiation by the defendant, without justification, of the insurance contract. The action is for money of the plaintiff had and received by the defendant. The amount recoverable by the plaintiff depends upon the actual damages sustained by him as a result of the defendant's wrong. Under the principles of the cases cited, as applied to the facts alleged, the plaintiff's actual damages are the amount of premiums paid by him for something which he has not received, that is, life-insurance protection until his death, and something which

the plaintiff presumably would have had by the continuation of the payment by the plaintiff of his monthly premiums until such time as he should die, but for the wrongful repudiation of the contract of insurance by the defendant. See generally, *Supreme Council* v. *Jordan, Moore* v. *Prudential Ins. Co.,* supra.

The judge did not err in overruling the demurrers to the petition as amended.

*Judgment affirmed. Sutton and Felton, JJ., concur.*