29047. SOVEREIGN CAMP W. O. W. *v.* COOPER.

DECIDED NOVEMBER 7, 1941. REHEARING DENIED NOVEMBER 26, 1941.

*R. G. Plunkett, Anderson, Anderson & Walker,* for plaintiff in error.

*Mallory C. Atkinson, Harry S. Strozier,* contra.

SUTTON, J. This case was formerly before this court. In *Sovereign Camp W. O. W.* v. *Cooper,* 62 *Ga. App.* 390 (8 S. E. 2d, 161), the judgment of the trial court in overruling the defendant's general and special demurrers was affirmed, and in which it was ruled: "1. Where a certificate of insurance in a fraternal benefit association provides for an automatic premium loan upon the failure of the holder of the certificate to pay the required monthly premium, the association can not cancel the certificate without notifying the insured, a reasonable length of time before the amount of the automatic premium loan made to keep the certificate in force would exhaust the cash value of the certificate, so as to afford the insured an opportunity to resume the payment of the monthly premiums and continue the certificate in force. 2. Where an insurance company wrongfully repudiates and cancels a contract of in-

surance and refuses to accept the payment of any further premiums thereon, the insured may recover the damages sustained by him by reason of such repudiation and cancellation. The measure of his damages is the amount of premiums paid, with interest on each from the time such payment was made." Upon the trial of the case the court, after the introduction of evidence, directed a verdict for the plaintiff. The defendant filed a motion for new trial on the general grounds, and on the special ground that the court erred in directing the verdict, there being issues of fact which should have been submitted to the jury. The motion was overruled. The defendant excepted, and in the bill of exceptions error is assigned on the judgment overruling the motion for new trial and on the judgment of the court in disallowing a certain amendment which is hereinafter referred to.

1. The rulings of this court on the former appearance of the case here established as the law of the case that the plaintiff's right to recover damages sustained by him because of the repudiation and cancellation of his contract of insurance, as alleged in the petition, was not based upon a consideration of whether or not there had been a course of dealings between the parties, entitling the insured to notice as to when the loan or cash value of the certificate would be exhausted, but that the right to recover was due to the fact that (1) there had become operative a provision of the certificate that "After thirty-six monthly payments on this certificate shall have been paid, if any subsequent monthly payment be not paid on or before its due date, and if the member has not, prior to such due date, selected one of the options available under the nonforfeiture provisions of this certificate, the association will, without any action on the part of the member, advance as a loan to the said member the amount of the monthly payments required to sustain his certificate in force from month to month until such time as the accumulated loans, together with compound interest thereon at the rate, of five per cent. per annum, and any other indebtedness hereon to the association, equal the cash value hereof at the date of default in the payment of the monthly payments," and that (2) the association impliedly agreed, by contracting to apply the loan or cash value of the certificate to the payment of premiums, to give notice to the insured a reasonable length of time before the certificate lapsed as to when resumption of premium payments by him

would become necessary, "for the reason that the company was in exclusive possession of the information and means to know the amount of the loan, and because the average person, even if he had the data, could not compute the same, while on the other hand the company employs an actuary, an expert, whose sole duty it is to perform the duty of making such complicated mathematical calculations." Accordingly, the contention of the plaintiff in error that uncontradicted testimony to the effect that the local camp secretary of the association informed the insured at the time the latter suspended making premium payments, relying on the loan or cash value of the certificate to continue the insurance in force until such loan or cash value should become exhausted, that the accumulated value would continue the insurance in force for only an approximate period of three years should have been submitted to the jury to determine whether or not the insured was put on notice, equivalent to knowledge, as to the date when the payment of premiums should be resumed is without merit, inasmuch as the plaintiff had the right to rely upon and expect exact information from the association, notwithstanding that he might have been able, by proper inquiry, to have obtained the same information which he was entitled to have the insurer communicate to him in due time.

2. The uncontradicted evidence showed that the certificate of insurance had been in force for a longer period than thirty-six months, and that the premiums had been paid through March, 1932; that the insured then suspended payments of premiums, trusting to the defendant to keep the certificate in force in pursuance of the provision hereinbefore quoted as to the application of loan or cash value to the payment of premiums; that the accumulated loan value of $183.12 was so applied by the defendant and became exhausted at the end of December, 1934; that the defendant failed to notify the insured as to when the payment of premiums should be resumed by him, and that he never himself paid any premium after the loan value was so exhausted. The defendant admitted in its answer to the plaintiff's petition that upon receipt of a letter from the plaintiff, through his attorney, dated June 16, 1936, it advised him that the certificate had permanently lapsed and could not at that date be reinstated. *Held:* It thus appearing conclusively that the defendant repudiated and cancelled the certificate of insurance without having given the insured the notice held to be

necessary by this court on the former appearance of the case here, the court did not err, under the rulings establishing the law of the case, in directing a verdict for the plaintiff for the amount paid by him under the terms of the contract, with interest on each payment from the date it was made, and in overruling the defendant's motion for new trial. The trial court did not err in not submitting to the jury the question of whether or not the calculation as to the time when the loan value would become exhausted was an intricate and complicated matter. The evidence demanded a finding that such a calculation was intricate and complicated and could not be made by the plaintiff, and this court, as the law of the case, has taken judicial cognizance of the fact that an average person (whose status the plaintiff is shown by the evidence not to exceed), even if furnished with the necessary data, is incompetent to make the required calculation.

3. The defendant tendered an amendment reading as follows: "Defendant shows that between April 1, 1932, and January 1, 1935, it paid out for the benefit of plaintiff the sum of $183.12 in payment of his monthly premiums under the automatic loan provision of said policy and at the request of plaintiff, and that defendant is entitled to have that sum, together with interest on the same amounting to $70.47 set off and recouped against the plaintiff and the plaintiff's claim for damages. Defendant shows that the plaintiff's claim for recovery of damages, as set forth in his petition, is for recovery of the premiums paid with interest thereon on the certificates of insurance between April 23, 1907, and April 1, 1932, and that each of the premiums specifically set forth as having been paid during those years includes the sum of 25 cents each month which was paid as local camp dues. Defendant shows that the sums so paid as local camp dues were not intended and were never transmitted to the defendant at its home office, nor did they constitute any part of the payment of any premium on any certificate of life insurance, but were paid to the local camp for the purpose of defraying the expenses of said local camp and were used solely for such purpose, and the plaintiff received the benefit of his membership and association in the local camp for which said dues were paid. Defendant shows that plaintiff would therefore not be entitled, under any circumstances, to recover said payment of local camp dues or interest thereon, and that the total of said payments

of local camp dues during said period amounted to $75 and the interest thereon amounts to $107.64." The court, on objection of the plaintiff, disallowed the amendment on the ground that it set up no defense. The defendant filed exceptions pendente lite, which were duly certified, and in the bill of exceptions error is assigned thereon. *Held:* Under the ruling of this court on the former appearance of the case the plaintiff was entitled to recover the full amount paid by him, with interest, without deduction for any protection or benefit given him by the temporary continuance of the certificate in force, and the allegations of the amendment as to the application to the payment of premiums of the loan value of $183.12 constituted no defense to the plaintiff's claim. The sum of 25 cents per month was paid as camp dues and was not received by the defendant, and there is no conflict in the evidence in this respect. It constituted, however, an integral part of the premiums required to be paid to prevent a forfeiture provided for in the contract of insurance, in case of non-payment of premiums, it being provided in section 63 (a) of the by-laws that "In order to accumulate and maintain funds for the payment of benefits stipulated in beneficiary certificates held by members of this association [and for other purposes recited] . . every member of this association shall pay to the financial secretary of his camp [stating] . . and he shall also pay such camp dues as may be required by the by-laws of his camp," and section 63 (b) of the by-laws provided that "If he fails to make any such payment on or before the last day of the month he shall thereby become suspended, his beneficiary certificate shall be void, the contract between such person and the association shall thereby completely terminate," etc. The defendant was not entitled to any abatement of the amount sought to be recovered by the plaintiff. See *Alabama Gold Life Insurance Co.* v. *Garmany*, 74 *Ga.* 51, 58; *Brothers & Sisters of Charity* v. *Renfroe*, 57 *Ga. App.* 646, 654 (196 S. E. 135). The court did not err in disallowing the proffered amendment.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*