SARAH A. McCLUSKEY, Respondent, *v.* THE NATIONAL LIFE ASSOCIATION of Hartford, Conn., Appellant.

*Life insurance policy — payment of the premium by mail — selection of the agency for the transmission of money — contract by correspondence, when completed — objection to the sufficiency of a complaint, when raised too late.*

Where a life insurance company directs a person insured therein to send his premium by mail, the sending of it by mail is sufficient to keep his policy in force, even though the money is never actually received by the company.

Where the insurer has no agent in the town or village wherein the insured resides, the premium due on a policy of life insurance is paid on the date that the same is deposited by the insured in the post office, in conformity with the directions of the insurer.

When a person directs money, or the evidence of money, to be transmitted or shipped to him by mail, or by a specified line of carriers, the responsibility of the sender ceases upon his delivering the articles to the specified carrier, and they are thereafter at the risk of the person who directs them to be sent to him by means of such carrier, he, by such direction, making the carrier his agent.

A contract by correspondence is completed when the party to whom a proposition is made places a letter in the post office accepting the terms offered.

Where a defendant makes no objections to the plaintiff's complaint, but proceeds to a trial upon the merits, and does not raise the question as to the sufficiency of the complaint either by motion, request to find or exception, it is too late for the defendant to raise the question for the first time upon appeal.

APPEAL by the defendant, The National Life Association of Hartford, Conn., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Washington on the 19th day of December, 1893, upon the decision of the court, rendered after a trial at the Washington Special Term.

*W. A. Sutherland,* for the appellant.

*O. A. Dennis,* for the respondent.

HERRICK, J.:

The plaintiff was the beneficiary under a policy of life insurance issued to Thomas McCluskey.

The defendant is a foreign insurance company having its principal or home office at Hartford, Conn. It seems to have had no agent at Whitehall, in this State, where the said Thomas McCluskey resided.

On the 10th day of September, 1892, the defendant mailed a notice from Hartford to the said McCluskey, notifying him that his bi-monthly premium of seven dollars and ninety cents was due and payable on or before the first day of October.

Inclosed in the notice was an envelope directed to the defendant, which the assured was requested to use in sending his remittance; the notice also directed all checks and post office orders to be made payable to the National Life Association.

On the afternoon of the first day of October the assured inclosed said notice, together with a check for seven dollars and ninety cents, payable to the order of the defendant, in the envelope received by him from the defendant, and deposited it in the post office at Whitehall; it was received at the Hartford post office on October 2, 1892, at eight P. M. October 1, 1892, was Saturday.

On the 3d of October, 1892, the defendant mailed a notice to Thomas McCluskey, calling upon him to forward a certificate as to his health, and that upon doing so his policy would be reinstated.

The assured, in response thereto, informed the defendant that he could not truthfully sign the required certificate of health sent him by such company. On the 15th day of December, 1892, the assured, Thomas McCluskey, died.

The defendant, amongst other defenses to the claim made against it upon said policy, asserted that the policy was forfeited by the

failure of the assured to pay the bi-monthly premium due October first.

The law does not favor forfeitures. The defendant directed the assured to send his premium by mail, and his sending it by mail by its direction would be sufficient even although the money had never been actually received by it. (*Palmer* v. *Phœnix Mutual Life Ins. Co.*, 84 N. Y. 63; *Kenyon* v. *K. 'T. & M. M. A. Assn.*, 122 id. 247-260.)

When a person directs money, or the evidence of money, as checks, notes or merchandise, to be transmitted or shipped to him by mail, or by a specified line of carriers, it has always been held that the responsibility of the sender ceases upon his delivering the articles to the specified carrier, and that they are thereafter at the risk of the person who directs them to be sent to him by means of such carrier; that he thereby makes the carrier his agent. It may be said, therefore, in this case that the defendant made the post office authorities at the place of residence of the assured its agent to receive from him the payment of the premium in question.

If it had had an agent stationed at that place and the assured had given him a check for the amount of the premium in question on the first day of October, although the defendant had not received it at its home office until the second or third, I assume that no question would be raised but that such payment was made in time.

If, instead of having a regularly appointed agent at such place to whom payments could be made, they directed in lieu thereof that they should be transmitted by mail, it seems to me that depositing a check in the post office, payable to the order of the defendant, properly enveloped and directed to it on the day of payment, is equally as good a payment as though the same check had been deposited on the day of payment with the local agent.

Payment was made at the time the money, or that which under the notice issued by the company could be given in lieu of money, was deposited with the company's agent, which in this particular case was the United States postal authorities.

It has been held that a contract by correspondence is completed when the party to whom the promise is made places a letter in the post office accepting the terms. (*Tayloe* v. *Merchants' Fire Insurance Co.*, 50 U. S. [9 How.] 390; *Patrick* v. *Bowman*, 149

id. 411–424.) Upon the same principle it seems to me that payment was made when the check was deposited in the post office.

The defendant upon this appeal raises the question that in cases of this kind the plaintiff must allege in his complaint and prove on the trial either that there is a sufficient fund on hand to meet the plaintiff's claim, or some part thereof, or else that an assessment, duly issued, would produce a sufficient amount to meet his claim or some part thereof.

Without discussing the question as to whether the rule contended for and and supported by the case of *O'Brien* v. *The Home Benefit Society* (117 N. Y. 310) and kindred cases, is applicable to causes of action upon policies of the kind involved in this action, it is sufficient to say that the defendant made no objections to the plaintiff's complaint upon the trial, but proceeded to trial upon the merits, and did not raise this question, so far as appears in the record before us, either by motion, request to find or exception, and having failed to raise the question before the trial court he cannot raise it here. (*Whitman* v. *Foley et al.*, 125 N. Y. 651.)

Judgment should be affirmed, with costs.

MAYHAM, P. J., and PUTNAM, J., concurred.

Judgment affirmed, with costs.