*H. B. Strange,* contra.

---

### 1569, 1570.   ILLINOIS LIFE INSURANCE COMPANY *v.* McKAY, and *vice versa.*

1: The provision for the punctual payment of the premium when due is of the essence and substance of life insurance, and a failure to comply therewith in strict accordance with the requirements of the contract, in the absence of any waiver, express or implied, inevitably results in a forfeiture of the policy.

2. Where an insurance company expressly or by implication authorizes the policy-holder to transmit a premium by mail, and the premium is mailed

in time to reach the company in due course on or before the date when it falls due, this will be a sufficient payment

3. Where by the express terms of a policy of insurance a premium was due to be paid to the insurance company at its home office in Chicago, Illinois, on May 21, 1907, and a letter containing the amount of the premium was deposited in the post-office at Americus, Georgia, properly stamped and addressed, at 4.30 p. m. on May 20, 1907, this did not constitute payment of the premium, since the remittance could not reach its destination in due course of mail on or before the date of payment; and the company had the right under the policy to refuse to accept it as payment when received the day after it was due, and to forfeit the policy for a failure to pay the premium. The company could waive the forfeiture and reinstate the insured on the conditions stated in his application for reinstatement.

Action on insurance policy, from city court of Americus—Judge Crisp. November 17, 1908.

Argued January 28,—Decided June 15, 1909.

*Long & Price, R. L. Greer, Jule Felton,* for the insurance company. *E. A. Hawkins,* contra.

HILL, C. J. On October 25, 1904, a policy of insurance was issued by the Illinois Life Insurance Company upon the life of Wright Douglas McKay, in the sum of $1,000, payable to his wife, Ida McKay, immediately upon receipt and approval of proofs of the death of the insured, provided the policy was in force at the time of the death of the insured. The policy was in the usual form. The consideration for its issue was the payment to the insurance company of the quarterly premiums on the 21st days of October, January, April, and July of each year. The policy contained the following provision: "All premiums hereon are due and payable in advance at the home office of the company in Chicago, Ill., but may be paid to the agents of the company in advance, in exchange for the company's official receipt signed by the President or Secretary, and countersigned by the agent. . . Failure to pay any premium (or premium note or interest thereon), when due, will void this policy and forfeit all premiums paid thereon to the company, except as may be elsewhere herein otherwise provided." The policy also provided for a grace of one month in the payment of all premiums, subject to an interest charge at the rate of 5% per annum. The insured died on the 31st of October, 1907, and proofs of death were duly furnished to the company. Payment was refused, and the widow brought suit against the company for the principal amount of the policy, be-

sides interest, damages, and attorney's fees. A demurrer was filed by the company to the claim for damages and attorney's fees. The court sustained the demurrer as to the claim for damages, and overruled it as to the claim for attorney's fees. The plaintiff filed exceptions pendente lite to the sustaining of the demurrer as to the claim for damages, and brings a cross-bill of exceptions assigning error on this judgment. A verdict was directed against the company for $1,000 principal, and $250 attorney's fees; and its motion for a new trial was overruled.

The defense relied upon was that the insured had failed to comply with the condition of the policy, in not paying the premium due to the company on April 21, 1907, on the date when due, or before the expiration of the 30 days of grace allowed by the policy for such payment, and that therefore the policy was forfeited by its express terms. On the question of the payment of premiums on the policy, the following is the undisputed evidence: The insured paid all the premiums at or before the time when they were due, until the premium due April 21, 1907 (with the 30 days of grace, due May 21, 1907). On March 20, 1907, the company, through its home office at Chicago, Ill., sent notice to the insured notifying him that his premium would be due on April 21, 1907, and enclosed in the envelope containing the notice was a return envelope addressed to the company at Chicago, Ill., for a remittance of the premium. On April 26, 1907, the premium not having been received by the company, it again wrote to the insured, and notified him that his premium due on April 21, 1907, was past due, but that the policy would remain in force for one month from the due date of the premium, subject to interest charged at the rate of 5% per annum, and that during such time the premium could be paid without his being required to furnish evidence of good health. On May 20, 1907, a letter was deposited in the post-office at Americus, Ga., addressed to the Illinois Life Insurance Co., Chicago, Ill., containing a check for $11.76, the amount of the premium due, without interest thereon. The letter containing the check was mailed at Americus, Ga., one thousand miles from Chicago, at 4.30 p. m. on May 20, 1907. The letter containing the premium was received by the company by due course of mail on May 22, 1907, one day after it was due, according to its terms. On May 24, 1907, the company wrote to the insured, acknowledging

receipt of his check for $11.76, informing him that the remittance had reached the company one day after the due date, and would only be accepted by the company upon its approval of an application for reinstatement, and enclosing in the letter a blank on which he was to make such application. The application for reinstatement was duly filled out and signed on June 4, 1907, and was received and accepted by the company. It was as follows: "I, the undersigned, having forfeited all claim under policy No. 35264 in the Illinois Life Insurance Company, which policy has lapsed for non-payment of premiums, hereby apply for reinstatement of insurance; and to induce said company to revive my said policy and reinstate the same, I do declare and warrant that I am now in good health." The application made other specific statements by the insured in regard to his use of alcoholic liquors and other matters. The proofs of death as furnished to the company contained statements which led it to believe that the applicant was not in good health at the time when he made his application to have his policy reinstated, and that his statement contained in such application that he was then in good health was untrue. Thereupon the company tendered to the beneficiary named in the policy the premiums that had been paid on the policy, with interest, and denied liability thereon. The company had no local agent at Americus, and the payment of the premiums had been made by the insured by transmitting through the mail the quarterly premiums, and he had always done so, before the premium due April 21, 1907, in time for the letter containing the premium to reach the company at Chicago at or before the date when due. The two premiums subsequent to the reinstatement of the policy were also paid to the company in the same way. There was no evidence that the company had ever received or accepted any premium at Chicago, Ill., after its due date, according to the terms of the policy. The evidence as to the insured's condition of health when he made his application for reinstatement was in conflict; but this question is not now material.

The verdict was directed by the court on the ground that the deposit of the letter containing the check in payment of the premium due April 21, 1907 (with 30 days grace, due May 21, 1907), in the post-office at Americus, Ga., on May 20, 1907, at 4.30 p. m., was a payment then and there to the company, and consequently

there was no default in the payment of the premium. It will therefore appear that the only question, under the facts stated and not controverted, is as to the correctness of this view of the law by the trial court. It must be conceded that the company had the right to declare a forfeiture of the policy for non-payment of the premium when due; for this was a condition precedent to the life of the contract. It is settled beyond all question that a stipulation in a policy as to the payment of premiums must be strictly and literally complied with, in the absence of any waiver, constructive or actual, and the premium must be paid when, where, and in the manner the policy provides. In the leading case of Klein v. New York Life Ins. Co., 104 U. S. 88 (26 L. ed. 662), the Supreme Court of the United States declares that "The provision . . for the release of the company from liability on a failure of the insured to pay the premiums when due is of the very essence and substance of the contract of life insurance. To hold the company to its promise to pay the insurance, notwithstanding the default of the assured in making punctual payment of the premiums, is to destroy the very substance of the contract." And the same learned court, in New York Life Ins. Co. v. Statham, 93 U. S. 24 (23 L. ed. 789), says, on the subject of default in the payment of premiums, that "Forfeiture for non-payment is a necessary means [by the insurance companies] of protecting themselves from embarassment. . . Delinquency can not be tolerated nor redeemed, except at the option of the company." This court knows of no exception to this rule of law, and further authority on this point is deemed wholly unnecessary. Was there a default, therefore, in the payment of the premium under the facts of this case? There was an admitted default, unless the deposit of the letter in the post-office at Americus at 4.30 p. m. on May 20, 1907, with the check inclosed for the amount of the premium, without interest, was a payment of the premium due to the company on May 21, 1907. The policy provides expressly that "All premiums hereon are due and payable in advance at the home office of the company in Chicago, Ill.," and that "Failure to pay any premium (or premium note or interest thereon), when due, will void this policy." If these words are to have their usual and ordinary significance, it would seem that the premium must be received at the office of the company within the time

specified, in order to constitute a payment of the premium and prevent a forfeiture of the policy, unless the company has by its conduct waived in some way this provision of the policy; and that as the letter containing the check for the premium was not received by the company in Chicago at its head office until one day after the premium was by its terms due to be received there, the policy was forfeited. We are of the opinion that the deposit of the letter containing the check for the principal amount of the premium due in Chicago on May 21, 1907, in the post-office at Americus, Ga., at 4.30 p. m. on May 20, 1907, did not constitute a valid payment in due time, within the terms of the contract; in other words, that the deposit of the letter with the check in the post-office at Americus, not in time to reach its destination in Chicago and to be received there by the addressee at the time stipulated, was not a payment of the premium according to the express language of the contract. In view of the practice by this company of permitting its policy-holders to transmit through the mail premiums to it in Chicago, if the insured had deposited the letter containing the check for the premium (and we refer now to the principal without interest on the premium) in time to have reached its destination in Chicago before the expiration of May 21, 1907, it would have been a sufficient payment of the premium in compliance with the terms of the contract. "Where an insurance company invites patrons to transmit premiums by mail and gives express directions in relation thereto, it will be inferred that the company intends to accept as payment funds mailed to it in time to reach its office, in due course, on or before the day a premium falls due." 3 Cooley's Briefs on Insurance, 2316; Hartford Life and Annuity Insurance Co. *v.* Eastman, 54 Neb. 90 (74 N. W. 394); Protective Life Insurance Co. *v.* Palmer, 81 Ill. 88; Hollowell *v.* Ins. Co., 126 N. C. 398 (35 S. E. 616). In several New York cases it is held that when the letter containing the remittance is deposited in the post-office, the payment of the premium is made; but these decisions, we think, are contrary to the great weight of authority and are not in harmony with the reasons for the strictest and most literal compliance with these stipulations of contracts of insurance. Primeau *v.* National Life Association, 77 Hun, 418 (28 N. Y. Supp. 794), affirmed in 144 N. Y. 716 (39 N. E. 858); McCluskey *v.* National

Life Association, 77 Hun, 556 (28 N. Y. Supp. 931). In Hartford Life Ins. Co. v. Eastman, supra, the court says, in connection with the custom of receiving premiums through the mail, "Having invited its patrons to use the mails in making payment of their premiums, it is but reasonable and just to infer that the company intended to accept, as payment, funds sent by mail *in time* to reach it, in due course, on or before the day such premiums would become due." On this question we think the law, briefly stated, is this: Where the insured has been accustomed to remit premiums by mail, and such remittances have been accepted by the insurance company, the latter can not refuse to accept a remittance mailed in ample time to reach its destination on or before the date when due, even though the remittance was not actually received until after the premium became due; but when the remittance has not been mailed in ample time to reach its destination by due course of mail by the date when due, it is not a payment of the premium, and the company can refuse to receive it, and can, at its option, enforce by forfeiture the stipulation of the policy as to punctual payment. "When a life-insurance policy expressly provides that the premium thereon shall be paid on or before a certain day and in default thereof the policy shall be void, the non-payment of the premium on the day named works a forfeiture, even if the premium is tendered on the next day." Fowler v. Metropolitan Life Insurance Co., 116 N. Y. 393 (22 N. E. 576, 5 L. R. A. 806), and citations. This court knows of no excuse, not even the act of God, for a failure to comply strictly and literally with the stipulations of a policy contract on the subject of the payment of premiums. We mean, of course, where there is no waiver by the company, either express or implied. In this case there is no evidence whatever of any waiver by the company. The premiums had theretofore all been received by the company in Chicago on or before the due date. When the insured in this particular instance failed to pay this premium which was due on April 21, 1907, the company, shortly thereafter, called his attention to his failure to pay the premium according to his contract and notified him of his 30 days of grace. When the premium was received by the company on May 22, it refused to receive it as payment, and at once notified the insured that it would only receive it subject to its ap-

proval of his application for reinstatement, and the insured him-self, in his application for reinstatement, fully recognized the fact that he was in default in the payment of his premium. With-out the power of enforcing a forfeiture for a failure to pay prem-iums punctually, there would be no efficient means of enforcing such payments, and the business of insurance could not long sur-vive. We therefore conclude that the learned judge of the trial court, under the undisputed facts, erred in his view of the law on this subject and in the direction of a verdict for the plaintiff. We think that there should be another trial on the issue of the validity and binding effect of the reinstatement of the insured by the company on his application made for that purpose. The ruling complained of in the cross-bill of exceptions is controlled by *Harp* v. *Fireman's Fund Ins. Co.*, 130 *Ga.* 726 (61 S. E. 704), and *Missouri Life Ins. Co.* v. *Lovelace*, 1 *Ga. App.* 447 (58 S. E. 93).          *Judgment reversed on each bill of exceptions.*