## SEABOARD AIR-LINE RAILWAY *v.* RANDOLPH.

1. In the present case there was sufficient evidence to authorize a finding by the jury of liability for the homicide of plaintiff's husband.

2. Although the trial judge was of the opinion, as shown by his order, that he was without discretion to grant a new trial, after two concurrent verdicts in favor of the plaintiff, where there was any evidence to support the second verdict, yet where his order showed that the second verdict failed to receive his approval only because of the amount of the finding, and there was ample evidence to support the jury's finding in regard to the amount, the judgment refusing a new trial will not be disturbed by this court, there being, as ruled above, sufficient evidence to authorize the jury's finding against the defendant upon the question of liability.

3. An exception to a correct charge, because of failure to give, in the same connection, some other pertinent legal proposition, is not a good assignment of error.

4. Failure of the court to instruct the jury as to the meaning of the expression, "a preponderance of the evidence," furnishes no ground for a new trial.

5. An assignment of error complaining that the charge delivered by the court did not correctly state the contentions of the parties nor the "issues arising under the law thereupon," without specifying what contentions of the parties were omitted or upon what issues the court failed to charge the jury, is too general to permit of consideration. *Tarver* v. *Deppen,* 132 *Ga.* 798 (65 S. E. 177, 24 L. R. A. (N. S.) 1161).

6. The jury returned a verdict in the following form: "We, the jury, find for the plaintiff $6,200, with interest at seven per cent. to date."

Upon the reading of that verdict in open court the judge instructed the jury to retire and put the verdict in shape, and "either say from what date the interest is, or you can calculate the interest and compute it in a lump sum." One of the jurors then said to the court that there was a difference of opinion among the jurors about that; whereupon the judge said to the jury: "You can just find that verdict for a lump sum." After retiring as directed by the judge, the jury returned a verdict in favor of the plaintiff for $9,826.31. *Held,* that the judge did not err in directing the jury to retire to their room and state the amount which they should find for the plaintiff "in a lump sum," nor in receiving the verdict after the jury had retired and put their verdict in shape.

MAY 11, 1911. REHEARING DENIED JUNE 23, 1911.

Action for damages. Before Judge Conyers. Glynn superior court. July 26, 1910.

*Crovatt & Whitfield,* for plaintiff in error.

*Burton Smith* and *D. W. Krauss,* contra.

BECK, J. Mrs. H. B. Randolph brought suit against the Seaboard Air-Line Railway and the Brunswick & Birmingham Railroad Company, alleging, that the defendants had damaged petitioner in a certain sum by reason of the negligent running of an engine and train of cars, which, in consequence of being operated negligently as set forth in the petition, on the 3d day of February, 1902, struck and killed her husband; that this was in consequence of the defendants' negligence, and the deceased could not have avoided the consequence of such negligence by the exercise of ordinary care; that he was crossing the tracks at a place where he had a right to be, and where the public had a right to be, and the defendants were charged with knowledge of the fact that some one might be upon the track at any time; that after the defendants became aware of the deceased's presence upon the track, they negligently failed to stop their engine; that the deceased was killed near a public crossing, and the defendants failed to check and continue to check, and failed to blow and continue to blow on approaching the crossing. The defendant answered, denying all of the allegations material to a recovery. Upon the trial the jury returned a verdict in favor of the plaintiff for the sum of $9,826.31 against the Seaboard Air-Line Railway, and the defendant made a motion for a new trial. Upon the hearing of the motion the trial judge passed the following order: "Upon hearing and considering the within and foregoing motion it appears to the court that the amount

of the verdict is excessive, although there is evidence upon which the amount as found might be based—for this reason the court does not approve the verdict, one new trial having been had in the case, however; and this being a second verdict, the court understands that he has not the discretion to grant a new trial upon the facts where there is sufficient evidence to support the verdict; and it is thereupon ordered and adjudged that the motion be denied and a new trial refused." The defendant excepted to the order denying a new trial.

1. This is the fifth appearance of this case here, and it is reported in 120 *Ga.* 969 (48 S. E. 396), 126 *Ga.* 238 (55 S. E. 47), 129 *Ga.* 796 (59 S. E. 1110), and 134 *Ga.* 353 (67 S. E. 933). By the decision in the 129th Georgia the judgment of the trial court was reversed on the ground that the court erred in directing a verdict for the defendant, and it was held that the question of the liability of the defendant was one for determination by the jury; and we do not think that the additional evidence adduced on the last trial was such as to remove the question of liability from the province of the jury, which must settle all questions of fact, even in cases where the trial court and the reviewing court might reach an entirely different conclusion from that reached by the jury as to the party in whose favor there was a preponderance of evidence.

2. Upon the hearing of the motion for a new trial the judge below passed the order set forth in the statement of facts. We can not approve of the practice of passing orders of this character; that is, of rendering a judgment denying the defendant's right to a new trial, and at the same time disapproving of a part of the jury's finding in the case. It will be observed that the court below, in the order referred to, does not expressly or impliedly disapprove of the finding of the jury upon the question of the defendant's liability, but does not approve the verdict on the ground that it appeared that the amount found for the plaintiff was too great. If it had appeared from the order of the court that it refused its approval of the verdict generally, but denied the motion for a new trial on the ground that the court had no discretion, upon a second finding for the same party, where there was sufficient evidence to support it, we might feel constrained in this case to set aside this verdict, although it is a second finding in favor of the plaintiff,

and for an amount substantially the same as the amount awarded in the first verdict, allowing interest on that amount to date of last verdict; because a trial court is not without discretion relative to the grant of a new trial after a second verdict in favor of the same party. In dealing with the second verdict his discretion may not be as ample as is that of a court hearing a motion for a first new trial. But certainly, under the decisions of this court, the first grant of a new trial does not exhaust the discretion of the court relatively to the grant or denial of another trial. It is said in the case of *Dethrage* v. *City of Rome,* 125 *Ga.* 802 (54 S. E. 654), that "after the first grant of a new trial, if the matter in controversy be one of fact for the jury, and for a second time in passing upon the same facts the verdict upon the question at issue be concurrent with the first, the mere discretion of the court can play but little part in the second motion for a new trial. It is true that it may sometimes be exercised, but only in cases where it is palpably apparent, from the entire evidence, that the verdict was strongly and decidedly against the weight of the evidence and manifestly wrong." But even here there is no holding that the trial court is entirely divested of his discretion in the matter of granting a second new trial, and the language which we have just quoted should be considered in connection with the cases cited to support the proposition laid down. One of these is *Taylor* v. *Central Railroad Co.,* 79 *Ga.* 330 (5 S. E. 114). There it was said (page 340) : "From all that has been said and shown, we conclude that the power of the superior courts to grant new trials, being expressly conferred by statute, as well as arising from common-law principles (vide Code, sections 3711-3718), is not limited by any absolute and invariable rule as to the number of times of its allowable exercise, but that the presumption of the legality of such grant, generally speaking, weakens upon each additional concurrent verdict; and that a third, or even a second, grant of a rehearing on the ground of the evidence being decidedly and strongly against the verdict, will be carefully reviewed to see that the discretion to grant it has been justly, wisely, and prudently exercised, letting each case stand as to this question upon its peculiar issues and facts, and allowing due weight to the general considerations of the fitness of juries to find the facts, and of the necessity that there shall be some end to litigation." Another of the cases cited in the *Dethrage*

case is that of *Davis* v. *Chaplin*, 102 *Ga.* 587 (27 S. E. 726), where it was said: "This court will not reverse a judgment granting a second new trial on the ground that the verdict is contrary to evidence, when it appears from the record that the evidence in support of the verdict was at best weak and unsatisfactory, and the decided preponderance of the testimony was on the side of the losing party." See also the case of *Daniels* v. *Leonard,* 105 *Ga.* 841 (32 S. E. 130), cited in the *Dethrage* case. But in the case at bar the court below refused the new trial, there having been two concurrent verdicts for the plaintiff; and in one respect only did the judge fail to approve the finding of the jury, and that was in regard to the amount recovered by the plaintiff, which appeared to the court below to be excessive. But after examination of the evidence contained in the record, we are of the opinion that there was ample evidence to authorize the jury to find the amount which they determined she was entitled to recover. That being true, there is no ground for disturbing the judgment refusing a new trial; for, touching the matter of the amount of the verdict, it can not be said that it was supported by "weak and unsatisfactory" evidence, or that it was contrary to the weight of the evidence.

3, 4. It is complained that the court erred in charging the jury as follows: "Among other things that you will consider is the place where the accident or killing occurred, with reference to its use or non-use by the public, and in explanation of the rights of the plaintiff's husband to be where he was at the time he was, and the duty of the railroad company to expect him to be there or not to be there. In that connection you will not consider any of the evidence as to its being a public road, with reference to any duty upon the part of the railroad company to enforce the law as to public-road crossings, that is, with reference to the blowing of the whistle and ringing of the bell and checking and keep checking of its speed; but you may consider all the facts and circumstances as to the relative rights of the parties and as to what may be negligence under the particular circumstances of this case." This charge is excepted to, not as being an incorrect statement of the law relatively to the question dealt with therein, but because it failed to instruct the jury "as to the law applicable to the place at which the killing is alleged to have occurred, the use or non-use of the locality by the public, and the respective rights with

respect thereto of the deceased and the defendant." As has been ruled more than once by this court, failure to charge some other rule or principle of law is not a valid ground of criticism upon a portion of the charge complete and sound in itself. See 1 Michie's Dig. 639.

What we have said above is applicable to one of the exceptions to the charge complained of in the 16th ground of the motion for a new trial, which is in the following language: "In this case, gentlemen, it is undisputed in the evidence that the railroad company killed the plaintiff's husband. That being true, the law raises the presumption that the railroad company is liable, and you will find a verdict for the plaintiff, unless it appears to your satisfaction by a preponderance of the evidence that the railroad company was not liable." The other exception to the charge last quoted is upon the ground that the court failed to state to the jury "what is meant by preponderance of the evidence;" and this latter exception is without merit, no apt and correct request to charge as to the meaning of the expression "preponderance of evidence" having been made to the court.

5, 6. The rulings made in headnotes 5 and 6 require no elaboration. There were other criticisms upon the charge of the court, not specifically noticed in what we have said above; but after a careful consideration of the portions of the charge criticised and the complaints made, we are satisfied that no errors of sufficient materiality to require the grant of a new trial are pointed out in the assignments of error.

*Judgment affirmed. Fish, C. J., and Holden, J., dissent. Atkinson, J., disqualified. The other Justices concur.*

HOLDEN, J. . I can not concur with the majority of the members of the court in the ruling made in the 2d headnote. The order of the judge shows that he has not exercised any discretion in passing on the motion for a new trial. He states in the order that where there is sufficient evidence to support the verdict, he has no discretion to set aside a second verdict in favor of the plaintiff. Though there is evidence to support a second verdict, the court is not for this reason deprived of the right to set the same aside. The evidence in this case would have authorized the court to set the verdict aside. It does not appear that the court has approved the

verdict, but the recitals in his order show that the verdict is not approved by him as to the amount thereof. I am authorized by the Chief Justice to state that he concurs with me in the views above expressed.