19082. SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* WHEELER *et al.*

STEPHENS, J. 1. A provision in a certificate issued by a fraternal beneficiary association to one of its members, which provides, pursuant to a provision of the constitution or a by-law of the association, that the payment of assessments levied against him shall cease at the expiration of twenty years, has reference only to the method of levying assessments, and confers no vested right which can not be annulled or impaired by subsequent legislation by the association during the life of the certificate and before the expiration of the twenty years, under the power in the association to change from time to time its constitution and by-laws, and to levy from time to time such assessments upon certificate holders as the association may see fit to levy and which assessments when so made are binding upon the certificate holder, not only by virtue of his membership in the association, but by virtue of the contractual provisions in the certificate whereby he consented and agreed to "pay all assessments and dues that may be levied during the time he shall remain a member of the [association]." This ruling is distinguishable from that in *Eminent Household of Columbian Woodmen* v. *Eppes,* 24 *Ga. App.* 762 (102 S. E. 174), wherein it was held that the certificate holder's right to the full face value of the certificate was a right that could not be impaired by subsequent legislation of the association, although the certificate provided that it was subject to the laws of the association which might afterwards be enacted.

2. A member of a fraternal beneficiary association which has a supreme lodge and subordinate lodges, and which is governed by a representative form of government in which all the members participate through their chosen representatives and adopt a constitution and by-laws, is presumed to be acquainted with the constitution and by-laws of the association, and is bound thereby. Trapp *v.* Sovereign Camp Woodmen of the World, 102 Neb. 562 (168 N. W. 191); Haner *v.* Grand Lodge A. O. U. W. of Nebraska, 102 Neb. 563 (168 N. W. 189); Fowler *v.* Sovereign Camp W. O. W., 106 Neb. 192 (183 N. W. 550); Stark *v.* Sovereign Camp W. O. W., 189 Ken. 719 (225 S. W. 1063); Marshall *v.* Knights of the Maccabees of the World (Mo. App.), (270 S. W. 418).

3. Where a fraternal benefit association issues to a member of the association a benefit certificate containing a provision that no assessments shall be levied against the holder of the certificate after the expiration of a period of twenty years, and the issuance of the certificate with that

provision is authorized by the constitution and by-laws of the association, and where afterwards the provisions of the constitution and by-laws which authorize the issuance of certificates containing such a provision are repealed and new assessments are made from time to time and before the expiration of the period of twenty years, by virtue of the amended constitution and by-laws, which provide for periodic assessments against certificate holders until the holders are otherwise notified, and which are acquiesced in by the certificate holder by the payment, within this period of twenty years, of the assessments so levied, and where the certificate provides that the certificate holder shall pay all assessments and dues that may be levied during the time he shall remain a member of the association, and that the "certificate is issued and accepted subject to all . . the conditions named in the constitution and by-laws of this fraternity and [is] liable to forfeiture if said [certificate holder] shall not comply with said conditions, constitution, and laws and such by-laws and rules as are or may be adopted by the sovereign camp, head camp, or the camp of the jurisdiction of which he is a member at the date of his decease," and that upon his failure to pay the assessments levied against him the certificate shall become null and void, the certificate holder is bound by such legislation and assessments. When he, after the expiration of the period of twenty years, fails to pay the assessments levied against him in accordance with the amended provision of the constitution and by-laws of the association, the certificate automatically lapses and becomes null and void.

4. This being a suit by the beneficiary to recover upon a benefit certificate issued by such an association, to be payable in case of the death of the holder of the certificate, who was a member of the association, and where the holder of the certificate died after the certificate had, under the above rulings, lapsed and become null and void, a verdict for the plaintiff was without evidence to support it and was contrary to law.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 2, 1929.

*Robert G. Plunkett,* for plaintiff in error.
*E. S. Taylor, Graham Wright,* contra.