## 23900.   THE PRÆTORIANS *v.* COWART.

DECIDED NOVEMBER 12, 1934.

*John R. Wilson, W. H. Miller*, for plaintiff in error.
*P. D. Rich*, contra.

JENKINS, P. J.   This was a suit for the death benefit of a life-insurance policy issued by a fraternal benefit association, the petition alleging that the deceased, to whom the policy had been is-

sued, was not a member of the association, and that consequently the contract must be treated and considered as a regular life-insurance policy, without regard to the provisions of the by-laws of the association, to which reference was made in the certificate of insurance but which were not attached thereto. The premiums having been long since in default at the time of the death of the insured, it is contended by the petition that the provision in a by-law declaring the policy forfeited upon the nonpayment of premiums is not applicable, and that the effect of the certificate issued to a non-member of the fraternal association was to obligate the assured unconditionally to pay the premiums at the stated intervals during the remainder of his life, and to obligate the insurer unconditionally to pay the death benefit upon his death. The petition alleges the willingness of the plaintiff to discharge the past-due and unpaid premiums with interest, and seeks recovery of the amount of the policy for the death benefit. The certificate itself, issued to the insured, contained the following provisions: "The Prætorians, Dallas, Texas, hereby agrees and binds itself to pay the sum of two thousand dollars to [the named beneficiary], the wife of . . the insured hereunder, immediately upon receipt of satisfactory proof of the death of the insured while this certificate is continued in force, subject to the right of change of beneficiary as hereinafter provided, and also subject to the other provisions of this certificate. This certificate is issued in consideration of the statements, warranties, and agreements in the written application herefor and the payment of the dues above specified throughout the life of the insured. . . After this contract shall have been in force for two years during the life of the insured, it shall be incontestable, except for nonpayment of dues, or for engaging in war, or engaging in commercial aeronautics without the written consent of The Prætorians. Upon lapse of this certificate by failure to pay dues, the same may be reinstated by submitting satisfactory evidence of good health and insurability and upon payment of all arrears, together with dues for the current month." The defendant excepts to the overruling of its demurrer to the petition.

Irrespective of whether the prescribed proof of death was dispensed with by the prior refusal of the defendant to pay a claim for permanent disability on the ground that the policy had lapsed, and irrespective of whether or not, under the facts of this case, the

reference in the policy to the provisions of the by-laws should be treated as making such by-laws a part of the agreement, and despite the well-recognized rules of law that policies of insurance shall be liberally construed in favor of the insured, and that forfeitures of policies are not favored, it must be held that by the quoted terms of the certificate itself it was the plain and manifest purpose and intent that the continuance of the policy in force was predicated upon the prompt payment of the stipulated premiums, so as to bring the case within the rule that the punctual payment of insurance premiums, as and when due, is of the essence of the contract of insurance, and a failure to make such payment in strict compliance with the terms of the contract, in the absence of a waiver expressly made or arising by reasonable implication, results in a forfeiture of the policy. *Metropolitan Life Ins. Co.* v. *Smith,* 48 *Ga. App.* 245 (172 S. E. 654). See, in this connection, *Newman* v. *Benefit Association,* 173 *Ga.* 881, 883 (2) (162 S. E. 122), 42 *Ga. App.* 342 (2) (156 S. E. 284) ; *Masonic Relief Association* v. *Hicks,* 47 *Ga. App.* 499 (171 S. E. 215). The demurrer to the petition should have been sustained.

*Judgment reversed. Stephens and Sutton, JJ., concur.*