### 24440. SOVEREIGN CAMP W. O. W. *v.* MILTON.

BROYLES, C. J. 1. "Where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must ,be given the other of intention to rely on the exact terms of the agreement. Until such notice, the departure is a quasi new agreement." Civil Code (1933), § 20-116.

2. Where the insurer, by his custom and course of dealing with the insured, in receiving, without objection, premiums or assessments past due, when he could have insisted upon a forfeiture of the policy, has induced the belief on the part of the insured that premiums or assessments will be received by the insurer within a reasonable time after their maturity, the insurer can not subsequently claim a forfeiture of the policy because another premium or assessment was not paid on the date due, the payment being tendered within a reasonable time thereafter. *Moman* v. *Bankers Health & Life Ins. Co.,* 35 *Ga. App.* 565 (134 S. E. 341) ; *Carolina Life Ins. Co.* v. *Moultrie,* 40 *Ga. App.* 15 (2) (148 S. E. 628), and cit.

3. The two amendments to the original petition were properly allowed; and the court did not err in overruling the demurrers, general and special, to the petition as ·finally amended.

4. Under repeated rulings of the Supreme Court and of the Court of Appeals, a refusal to direct a verdict is never error.

5. The verdict in favor of the plaintiff was authorized by the evidence; and ·the special grounds of the motion for a new trial fail to show reversible error. *Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED APRIL 8, 1935. REHEARING DENIED MAY 24, 1935.

302

*Ernest M. Davis, Little, Powell, Reid & Goldstein, James H. Therrell,* for plaintiff in error.
*Edward T. Hughes, C. N. Davie, J. F. Kemp,* contra.