SOVEREIGN CAMP WOODMEN OF THE WORLD *v.* HART.

No. 12388. NOVEMBER 19, 1938. REHEARING DENIED DECEMBER 3, 1938.

*Robert G. Plunkett* and *R. F. Scarborough,* for plaintiff in error. *E. Harold Sheats,* contra.

306

DUCKWORTH, Justice. 1. While, in view of the provisions of the Code, § 20-116, that "where parties, in the course of the execution of a contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given the other of intention to rely on the exact terms of the agreement," it may be stated as a general rule that where an insurer, by his custom and course of dealing with the insured, in receiving without objection premiums and assessments past due, when he could have insisted upon a forfeiture of the policy, has induced the belief on the part of the insured that premiums or assessments will be received by the insurer within a reasonable time after their maturity, the insurer can not subsequently claim a forfeiture of the policy because another premium or assessment was not paid on the date due,

the payment being made within a reasonable time thereafter (*Cotton States Life Ins. Co.* v. *Lester,* 62 *Ga.* 247, 35 Am. R. 122; *Carolina Life Ins. Co.* v. *Moultrie,* 40 *Ga. App.* 15, 148 S. E. 628, and cit.), yet where, as in the instant case, the insurer is a fraternal benefit association which has issued a beneficiary certificate insuring the member, which certificate pursuant to law (Code, § 56-1610), has provided therein that the "articles of incorporation, the constitution, laws and by-laws of the association now of force and all amendments," etc., "shall constitute the agreement between the association and the member," and the constitution, laws, and by-laws contain provisions that no officer, employee or agent of the Sovereign Camp or any local camp has the power to change, vary or waive any of the provisions of the constitution or by-laws, "nor shall any custom on the part of the camp or any number of camps, with or without the knowledge of any officer of the association, have the effect of so changing, modifying, waiving, or foregoing such laws or requirements . . nor shall the knowledge or act of any officer or employee of this association constitute a waiver of the provisions of these laws by the association or an estoppel of this association," and that if the member "fails to make any such payment [of dues or assessment] on or before the last day of the month, he shall thereby become suspended, his beneficiary certificate shall be void," such provisions are binding upon the insured member (Code, § 56-1624; *Willis* v. *Sovereign Camp,* 29 *Ga. App.* 470, 116 S. E. 52; *Sovereign Camp* v. *Wheeler,* 39 *Ga. App.* 395, 146 S. E. 917) ; and where, as in the instant case, the financial secretary of the local camp merely accepted a series of dues after the due date thereof, the member, by operation of the terms of the contract, became actually suspended without affirmative or judiciary action on the part of the association issuing the certificate. *Sovereign Camp* v. *Shaw,* 143 *Ga.* 559 (85 S. E. 827) ; *Bryant* v. *Sovereign Camp,* 29 *Ga. App.* 359, 360 (115 S. E. 285).

2. It follows that where the contract of insurance, by reason of the constitution and by-laws, further provides that the suspended member, "if in good health, may within three calendar months from the date of his suspension again become a member . . by the payment of the current installment of assessment and all installments . . which should have been paid to maintain him as a member," and "such payment shall be held to warrant that he is

at the time of making such payments in good health, and to warrant that he will remain in good health for thirty days after, . . and to contract that such installments when so paid after he has become suspended for non-payment of his assessments shall be received and retained without waiving any of the provisions of this section or of these laws until such time as the secretary of the association shall have received actual, not constructive or imputed, knowledge that the person was not in fact in good health when he attempted to again become a member : provided, that the receipt of payment of such installments of assessments in case such person is not in good health shall not make such person a member or entitle him or his beneficiary to any rights whatever," and "the retention by the association of any installment paid . . after he has become suspended, in order to again make him a member, shall not constitute a waiver of any of the provisions of the constitution, laws and by-laws, or an estoppel upon the association;" such action of the financial secretary of the local camp, that is the mere acceptance of a series of late payments of. dues, will not operate of itself as a waiver by the association of such previous suspension or forfeiture; this for the reason that, such receipt of dues in default being specifically provided for under the terms of the contract itself, no departure from the terms of the contract is shown by the mere acceptance of a series of dues in default. And even if it should be proper to hold as a matter of law that the knowledge of the financial secretary of the local camp that the payments were made after the due dates thereof be imputable to the insurer, it is evident under the above rulings that such knowledge is immaterial and does not affect the rules stated. Nor would the fact that the financial secretary of the local camp falsely reported the member as paying on time create an estoppel on the part of the insurer to insist upon the strict terms of the contract, the member as a matter of law knowing of the terms of the contract providing for the acceptance of late payments, and there being no evidence that the member knew or had reason to believe that the payments were being accepted as made on time or that the member was induced by such acts of the financial secretary to believe that the late payments were being accepted as made on time rather than under the terms of the contract specifically providing for the acceptance of dues in default. Under such circumstances it is only fair to

assume that it was the intention of both parties to abide by the terms of the contract. Accordingly the elements of estoppel are lacking.

3. The rulings in *Adams* v. *Washington Fidelity National Insurance Co.*, 48 *Ga. App.* 753 (173 S. E. 247); *Sovereign Camp W. O. W.* v. *Milton,* 51 *Ga. App.* 301 (180 S. E. 253); *Commercial Casualty Insurance Co.* v. *Campbell*, 54 *Ga. App.* 530 (188 S. E. 362); *Sovereign Camp Woodmen of the World* v. *Whitaker*, 57 *Ga. App.* 418 (195 S. E. 584), in so far as they may conflict with these rulings, are disapproved.

4. The Court of Appeals erred in holding that under the facts of the case the judge was authorized to find that there was a waiver by the association of the terms of the contract which avoided the certificate, and was authorized to hold that the insured was misled; and the association was estopped from avoiding the certificate, on the grounds that the September installment was not paid on or before the due date.

*Judgment reversed. All the Justices concur, except Russell, C. J., absent because of illness. Atkinson, P. J., concurs in the result. Bell, J., concurs specially.*

BELL, Justice, concurring specially. Under the terms of the contract, knowledge of the local secretary that several payments of premiums were made after maturity was not imputable to the association; and consequently their acceptance by the association did not amount to an intentional departure from the terms of the policy. It appearing that before the death of the insured the policy had lapsed for default in payment of the September premium, the association was not liable.