28218. GULF LIFE INSURANCE COMPANY *v.* YEARTA.

DECIDED JULY 16, 1940.

*J. F. Kemp, Clint W. Hager, J. D. Tindall,* for plaintiff in error.
*Wyatt & Morgan,* contra.

PER CURIAM. Treating the evidence as in conflict as to some of the payments of premiums having been accepted by the company's agent several weeks after their due date, still the testimony for the plaintiff was not such as to show a custom on the part of the company in receiving payments for premiums after they were due and in not insisting on the premiums being paid in accordance with the policy contract. Taking the evidence most favorably to the plaintiff as to such alleged custom, it is shown by his testimony only that it was five weeks after the issuance of the policy that the first premium was paid, and that he paid "two or three" weekly premiums of thirty cents that were more than four weeks past due. The plaintiff could not remember when these belated premiums were paid, because, as he testified, the agent entered them on his premium book as of the due date. So far as the evidence discloses, these premiums may have been paid in the early life of the policy, which was in effect for more than a year, after which time the terms of the policy were fully complied with until a short while before the death of the insured. Thus even the testimony of the plantiff shows no such custom as reasonably could be said to have induced the plaintiff to believe that payments of premiums four or five weeks after the due date would keep the policy in

force; and furthermore, it is not made to appear that the insurance company had any knowledge that the premiums paid had not all been paid when due. The agent to whom the premiums were paid was not one coming within the description of those designated by the provision of the policy as authorized to modify or reinstate the policy if lapsed, or to extend the time of payment of a premium; and the policy expressly provided that "no agent has power on behalf of the company to waive any forfeiture or to bind the company by making any promise, or by making or receiving any representations or information." Before the insurance company would be bound, it would be necessary to show that it knew that the premiums had been accepted after the due date, or by some act had ratified the acceptance of belated payments of premiums. Under the authority of *Sovereign Camp Woodmen &c.* v. *Hart,* 187 *Ga.* 304 (200 S. E. 296), a finding was not authorized that the defendant had waived the condition of the policy which caused it to lapse because of non-payment of premiums within the time specified, and the plaintiff was not entitled to recover. Accordingly, the court erred in overruling the motion for new trial.

*Judgment reversed. Sutton and Felton, JJ., concur. Stephens, P. J., dissents.*