## 38076. LIFE INSURANCE COMPANY OF VIRGINIA
### *v.* WOOD.

DECIDED MAY 13, 1960.

R. C. Scott, Robert Harris, for plaintiff in error.

Irwin R. Kimzey, Herbert B. Kimzey, Kimzey & Kimzey contra.

NICHOLS, Judge. ■ On October 6, 1952, the defendant issued a $1,000 policy insuring the life of Douglas Wood for a weekly premium of 48 cents. Premiums on the policy were paid for some time by the plaintiff to the local agent of the company. Douglas Wood died on June 21, 1954. According to the testimony of Henry McDonald, the defendant's local agent, the last collection of premiums was made on June 4, 1954, and that only paid the policy up to May 16. The thirty-one day grace period elapsed on June 16, five days prior to Douglas Wood's death.

The plaintiff testified that he had four policies with the defendant and paid a total premium of $3.55 every two weeks; that he was not supposed to be behind with his payments; that

McDonald came over to his house on June 7, 1954; and his wife handed McDonald a five dollar bill and he gave her back $1.40 or $1.60 and told them that would pay the insurance up for two weeks. The plaintiff's wife testified that she paid McDonald five dollars on June 7, 1954; that it was paid on Douglas Wood's policy and he said that it paid it up to June 7th; that she did not get a receipt and he (McDonald) just failed to enter it on the book. He said he would come back and enter it later, but he did not do so.

In regard to the payment of premiums, the policy provides: "Each premium is due and payable at the home office of the company, but will be accepted elsewhere when paid to an authorized agent of the company and recorded on a proper company receipt form signed by such agent, or if not paid to such agent when sent to any office of the company. If any premium is not paid when due (subject to a grace period for each premium after the first, of thirty-one days, without interest, during which time this policy will remain in full force) this policy shall lapse and become of no value except for its non-forfeiture benefits."

While it is true that where a policy of insurance, as this one does, requires, on pain of forfeiture, that payment be made in a certain way, and payment although made is not made in that way, a forfeiture may result, yet the language of insurance policies must be construed in favor of the insured and a forfeiture will never be presumed, but must be spelled out in precise language or the mere noncompliance with the policy provisions will not forfeit a policy. This policy, while it states that payments are payable at the home office but will be accepted elsewhere when paid to an authorized agent and recorded on a receipt form, does not say that the policy will be forfeited if the payment, although paid to an authorized agent, is not recorded on a proper company receipt form. It does not provide that the receipt is the only evidence by which such payment may be shown.

Stronger language was, in *Metropolitan Life Ins. Co.* v. *Smith*, 51 *Ga. App.*, 862 (181 S. E. 804), held not to work a forfeiture in a case where payment was made to the agent of the company and no receipt was given. There the policy language pro-

vided that "All premiums are payable . . . *only* in exchange for the company's official premium receipt . . . countersigned by the agent or other authorized representative." There, as here, the sole question on the trial of the case was whether parol evidence was admissible to show payment in a case where money was paid to the agent and no receipt given, and whether the question at issue was whether the money so paid was a payment on the policy or a reimbursement to the agent of certain sums which the insured owed the agent. An objection to evidence showing the manner in which this money was paid and the purpose for which it was intended on the ground that the plaintiff had failed to show that he received any official premium receipt in exchange therefor was properly overruled. In the writer's opinion, under the authority of the *Smith* case, supra, parol evidence is admissible for this purpose where no receipt issued on the "proper company receipt form" has been given even though the policy calls for the furnishing of such receipt. That part of the provision of the policy which states "but will be accepted elsewhere when paid to an authorized agent of the company and recorded on a proper receipt form signed by such agent" could not be binding in any event on an insured who has paid an agent duly authorized to receive payment on behalf of the company unless such "proper company receipt form" appears in the insurance policy. Otherwise an insured would never know whether the receipt he got, however proper it might appear to be on its face, was actually the proper company receipt form prescribed for the agent's use by the company. To hold otherwise would enable the company at its will to amend the insurance contract from time to time by prescribing a different "proper receipt form" without notice to the insured.

Although it may be contended that this case is distinguishable from the *Smith* case, supra, in that the payment in the *Smith* case was received by the company, such contention is without merit since receipt by the agent, duly authorized to accept payment, *is* receipt by the company of such payment. The trial court properly admitted evidence of the payment of the premium; the jury was authorized to believe the evidence, and the verdict was supported by the evidence in the case.

■ 664

■ In special ground 1 the defendant complains that the court erred in failing to charge the jury, without request, as to the construction of the insurance contract sued on. It is not contended that the charge given was error, nor does the defendant point out specifically what the court should have charged other than or in addition to what was charged. There was no request for any additional instructions with reference to the construction of the contract, nor does the record disclose any request made of the trial court that he construe it. "An exception that the court erred in failing to charge the law relating to a named subject is too general to present any question for decision, without a more definite statement of the principle upon which it is claimed the jury should have been instructed." *Yarbrough* v. *Stuckey*, 39 *Ga. App.* 265, 270 (147 S. E. 160); *Seaboard Air-Line Ry.* v. *Randolph*, 136 *Ga.* 505 (5) (71 S. E. 887); *Tarver* v. *Deppen*, 132 *Ga.* 798 (4) (65 S. E. 177, 24 L. R. A. (NS) 1161). Under the application of the above stated principle, the criticisms of the charge contained in special ground 1 of the amended motion for a new trial are without merit.

Special ground 2 of the defendant's amended motion for new trial assigns error on the ground that the jury was not apprised of the fact that William Friar, a witness for the defendant, had been adopted by the plaintiff as his witness, and the court failed to instruct the jury that the plaintiff was bound by all of the testimony of said witnesses. This assignment of error does not set out a correct statement of facts as shown by the record. The record discloses that William Friar, a witness for the defendant, was called for the purpose of cross-examination, and no exception was taken to the action of the plaintiff in calling said witness for cross-examination, and the record shows that he was a witness for the defendant and that he testified both on direct and cross-examination. The record further discloses in this case that the evidence set out in ground 2 of the amended motion for new trial was evidence given by the witness William Friar while on the stand for the defendant and on direct examination. Obviously this ground of the amended motion for new trial is without merit.

Special ground 3 of the amended motion for new trial is just an

amplification of the usual general grounds and has been sufficiently dealt with in division 1 of this opinion. Accordingly, since the evidence authorized the verdict and the special grounds of the amended motion for new trial are without merit, the trial court did not err in denying the amended motion for new trial.

*Judgment affirmed. Gardner, P. J., Townsend, Carlisle, Bell and Frankum JJ., concur. Felton, C. J., dissents.*

FELTON, Chief Judge, dissenting. The policy provision relating to the payment of premiums is clear. Even if it is subject to different constructions, construed against the company it means that any receipt in the form of a valid receipt which was signed by any authorized agent would be sufficient. It seems clear to me also that the provision provides for a forfeiture of the policy, with exceptions not applicable in this case, if the premiums were not paid as provided in the policy. If premiums were not paid as provided they were not paid and the policy lapsed so far as this action is concerned. The ruling in *Metropolitan Life Ins. Co.* v. *Smith,* 51 *Ga. App.* 862, supra, is not in point in this case. The provision for the payment of premiums in that case and in this is to insure receipt of the premium by duly authorized officers of the company. In the *Smith* case the check for premiums was made payable to the company and was presumably indorsed by an authorized official, which satisfied the requirements of the policy. There is no such proof in this case and the ruling in this case restricts the right of contract to the point where a party cannot by contract protect itself against the fraud of its own agents and that of those dealing with it through its agents.

This court has on several occasions adjudicated the validity of policy provisions governing the time and manner of the payment of premiums. In *Illinois Life Ins. Co.* v. *McKay,* 6 *Ga. App.* 285(1) (64 S. E. 1131) it was held: "The provision for the punctual payment of the premium when due is of the essence and substance of life insurance, and a failure to comply therewith in strict accordance with the requirements of the contract, in the absence of any waiver, express or implied, inevitably results in a forfeiture of the policy." See also in this connection *Forrester* v. *State Farm Mutual Ins. Co.,* 97 *Ga. App.* 618 (2) (103 S. E. 2d 619) and citations. In *Kirk* v. *Kansas City Life*

*Ins. Co.*, 58 *Ga. App.* 573 (199 S. E. 433) a verdict for the insurer was demanded where the agent was not authorized to receive payments or issue receipts for deferred or renewal premiums and where the policy sued on provided that only the first year's premium might be paid to the agent and where the evidence showed a payment to the agent of a sum sufficient to cover part of the second year's premium, which sum was not remitted to the company or accepted by it.

The validity of a provision as to the manner in which premium payments must be recorded bearing a striking similarity to the policy provision in the present case was upheld by the Supreme Court of Alabama in Liberty Nat'l Life Ins. Co. *v.* House, 242 Ala. 322 (6 So. 2d 412). In that case the policy provided that "all premiums are payable at the home office of the company weekly in advance, but may be paid to an authorized representative of the company, provided that such payment must be entered at the time in the premium receipt book belonging with this policy." Adopting the reasoning contained in Dominico *v.* Prudential Ins. Co., 49 Pa. Super. 156, the Alabama Supreme Court held that it was a question for the jury as to whether the failure to comply with the policy provision was on account of the fraud, accident or mistake of the defendant's agent, and whether a sufficient reason was shown why the entry was not made in the book.

It appears to me that the provision in the present policy requiring payment to be recorded on a proper company receipt form is a reasonable one for the protection of the company and that any person claiming under such policy must, in the absence of such a receipt, present sufficient evidence that the failure to comply with the policy provision was on account of the fraud, accident or mistake of the insurer's agent. The jury could find from the evidence that a payment was made to the defendant's authorized agent on June 7, 1954, but there is no evidence that such payment was "recorded on a proper company receipt form signed by such agent" as the policy requires. I do not think that under the facts in this record the failure to comply with this provision of the policy was due to the fraud, accident or mistake of the agent. A new trial should therefore have been granted on the general grounds.