46245.   GULF LIFE INSURANCE COMPANY v. FROST.

JORDAN, Presiding Judge. This is an action against an insurer by the beneficiary of a life insurance policy. The insured died on February 8, 1970, at which time the monthly premium due on January 5, 1970, with a 31-day grace period, had not been paid. The company returned a check which the beneficiary sent on March 14, 1970, in payment of this premium. The insurance company appeals from the denial of a summary judgment. *Held:*

The controlling issue in the trial court, and here on appeal, is whether the evidence negates as a genuine issue of

material fact a waiver of the express terms of the contract for the payment of premiums so as to warrant a determination that the contract was in effect for the full benefit, despite the fact that there was no timely payment of the required premium, which the company would not accept after the death of the insured. The waiver theory is one of long standing recognition in the insurance law of this State. See *Illinois Life Ins. Co. v. McKay,* 6 Ga. App. 285 (64 SE 1131).

The policy here, in the face amount of $5,000, dated November 5, 1968, provided for the payment of premiums from the policy date on an annual, semi-annual, quarterly, or monthly basis, in advance at the home office or to an authorized agent of the company, with a 31-day grace period for payment, except for the first premium, during which the policy would remain in force, failure to pay any premium when due constituting a "default in premium." Among other provisions covering the effect of a default in premium the policy provided that unless surrendered for cash value, and it had no cash value for two years, it "may be reinstated while the insured is living (1) within 31 days after the expiration of the Grace Period of the first premium in default, without evidence of insurability, or (2) at any time thereafter within five years of such default, upon presenting evidence of insurability satisfactory to the company" subject to the payment of overdue premiums and indebtedness, with 6% per annum interest. The premiums were in fact collected by an agent on a monthly basis, who visited the insured at home or at work. There is no evidence of the time of payment of the premium due on December 5, 1968, the first monthly premium after the policy was issued, but the testimony of the agent discloses that the next five payments, January through May, 1969, were received by the company's district office on or before the due date, and that the next four, June through September, 1969, were received within the grace period. The remaining three payments, October through December, 1969, were

each received within the 31-day period after grace, on November 13, 1969, December 12, 1969, and January 8, 1970, and while the actual date of each payment is not shown, the agent testified that the payment received in the district office on January 8, 1970, was paid to him within the grace period.

The affidavit of the plaintiff beneficiary merely states that "[o]n certain occasions during the life of the policy, Hutto [the agent] called for said premium after the grace period, and same was accepted by the company." This generalized assertion takes on meaning only with respect to the premium due on October 5, 1969, which the district office received on November 13, 1969, the premium due on November 5, 1969, which the district office received on December 12, 1969, and the premium due on December 5, 1969, and as to these premiums only because of the possibility that the agent could have collected them out of grace, having retained no record of the exact date of payment. But giving the plaintiff beneficiary the benefit of any doubt, these three premiums were obviously paid within the allowable 31-day period after "default in premium" upon expiration of the grace period, and thus come within what appears to be a virtually automatic reinstatement provision of the policy, even if "default in premium" lapsed the policy, upon payment of premium and indebtedness with interest at 6% per annum. Under the facts here shown, if the three payments were in fact made after grace the most the company waived, within the express provisions of the policy, was a negligible amount of interest at 6% per annum on each monthly premium of $22.31, which in our opinion in no way discloses a course of action to show a genuine issue of fact with respect to a waiver of the timely payment of premiums to cover the insured at the time of his death on February 8, 1970, while in "default of premium" with respect to the premium due on or before January 5, 1970, but which could have been paid within 31 days thereafter for continuous coverage. Not only was timely

payment of premiums of the essence of the contract, but the contract further provided that only the president, a vice president or secretary had authority to waive, change, or alter any of the terms or conditions of the policy, and then only in writing. Moreover, this court has held that the late payment of "two or three" premiums is insufficient evidence to show a custom of the insurer that would constitute a waiver of the provisions of the policy in the respect to a lapse for failure to pay premiums. *Gulf Life Ins. Co. v. Yearta*, 63 Ga. App. 43 (10 SE2d 120).

The remaining assertions of the plaintiff in her affidavit are without merit to preserve a genuine issue of fact to afford any legal basis to authorize a determination that the insurance company had waived the express provision of the policy. It was the responsibility of the insured to pay the premiums when due to keep the policy in force, and even if he did rely on the agent to keep him informed, it is clear that the agent did solicit payment in time to keep the insurance in force, and that the insured elected to make payment only on another policy.

The policy having lapsed for failure to pay premiums at the time of death, and no evidence appearing to disclose a genuine issue of fact as to waiver, the trial judge erred in refusing to grant summary judgment for the insurance company. See *Sovereign Camp W.O.W. v. Hart*, 187 Ga. 304 (200 SE 296); *Rome Industrial Ins. Co. v. Eidson*, 138 Ga. 592 (75 SE 657); *Hutson v. Prudential Ins. Co.*, 122 Ga. 847 (50 SE 1000); *Illinois Life Ins. Co. v. McKay*, 6 Ga. App. 285, supra; *The Praetorians v. Cowart*, 50 Ga. App. 124 (177 SE 89); *Gulf Life Ins. Co. v. Yearta*, 63 Ga. App. 43, supra; *Locomotive Engineers' Mutual Life &c. Ins. Assn. v. Bobo*, 8 Ga. App. 149, 156 (68 SE 842).

*Judgment reversed. Bell, C. J., Hall, P. J., Eberhardt, Pannell, Deen and Quillian, JJ., concur. Evans, J., dissents. Whitman, J., not participating because of illness.*

ARGUED JUNE 2, 1971—DECIDED OCTOBER 14, 1971— REHEARING DENIED NOVEMBER 19, 1971.

*Ed G. Barham,* for appellant.

*Coleman, Blackburn, Kitchens & Bright, J. Converse Bright,* for appellee.

EVANS, Judge, dissenting. The policy of insurance in this case provided for payment of premiums by a specified date, and for an additional grace period. However, immediately prior to death of the insured, the insurance company had been accepting monthly premiums at a later time than was allowed by the grace period. The policy had no language therein specifying the actual effect of failure to pay premiums promptly, simply stating: "Failure to pay any premium when due constitutes a default in premium." It was not stated whether this suspended the insured's rights to payment of benefits under the policy, or rendered the policy void, as is recited in many insurance policies. The evidence in this case shows a custom and course of dealing between the insurer and the insured whereby premiums were accepted after the expiration of the date of grace. The majority opinion relies upon the case of *Gulf Life Ins. Co. v. Yearta,* 63 Ga. App. 43, supra, as authority for a contrary finding. But the *Yearta* case, supra, was by a two judge court, one judge dissenting, and was directly in conflict with the earlier cases of *National Life &c. Ins. Co. v. Lain,* 51 Ga. App. 58 (2) (179 SE 751) and *Sovereign Camp W. O. W. v. Milton,* 51 Ga. App. 301 (2) (180 SE 253). Under the rule of stare decisis the earlier precedent is binding and must be followed and this is especially true where the more recent case relied on is by a divided court.

The majority opinion suggests that the language in the contract of insurance which stated "that only the president, vice-president or secretary had the authority to waive, change or alter any conditions of the policy and then only in writing," rendered the insurance company's agent impotent to bind the company by a course of dealing in collecting the premiums after the grace period had expired. But, as was held in *Adams v. Washington Fidelity Nat. Ins. Co.,*

48 Ga. App. 753 (1) (173 SE 247), despite such language "the provisions of the policy may be changed by the conduct of the company, through its authorized agents, amounting to a waiver of the provisions of the policy, which, when accepted and acted upon by the insured, amount to a change of the contract. A provision of a policy may be altered by a course of dealings between the insurer, through its authorized agent, and the insured, which amounts to a waiver of a deviation from its terms." The second headnote of the *Adams* case, supra, is almost on all-fours with the case sub judice as to the facts respecting the collection of premiums.

It is important to note that the policy of insurance in the case sub judice had no language therein as to the effect of default in paying premiums, simply stating: "Failure to pay any premium when due constitutes a default in premiums." In this connection, *Life Ins. Co. of Va. v. Wood,* 101 Ga. App. 661, 662 (115 SE2d 240) held: "While it is true that where a policy of insurance . . . requires, on pain of forfeiture, that payment be made in a certain way, and payment although made is not made in that way, a forfeiture may result, yet the language of insurance policies must be construed in favor of the insured and a forfeiture will never be presumed, *but must be spelled out in precise language or the mere noncompliance with the policy provisions will not forfeit a policy."* (Emphasis supplied).

The majority opinion cites *Sovereign Camp W. O. W. v. Hart,* 187 Ga. 304 (200 SE 296), but that case is readily distinguishable from the case sub judice, in that same was a fraternal benefit association wherein the certificate very specifically spelled out that "if the member fails to make any such payment (of dues or assessments) on or before the last day of the month he shall thereby become suspended; his beneficiary certificate shall be void." Justice Duckworth, speaking for the court states (p. 309): ". . . it may be stated as a general rule that where an insurer, by his custom and course of dealing with the insured, in receiving without objection premiums and assessments past due,

when he could have insisted upon a forfeiture of the policy, has induced the belief on the part of the insured that premiums or assessments will be received by the insurer within a reasonable time after their maturity, *the insurer cannot subsequently claim a forfeiture of the policy because another premium or assessment was not paid on the date due, the payment being made within a reasonable time thereafter.*" (Emphasis supplied).

I would affirm the lower court in refusing to grant defendant's motion for summary judgment.