23855.   THE PRÆTORIANS v. COOK.

DECIDED FEBRUARY 27, 1935.

*John R. Wilson, W. H. Miller,* for plaintiff in error.
*A. B. Conger,* contra.

MACINTYRE, J.   Mrs. Cook as beneficiary filed suit on a policy of insurance on the life of her deceased husband, issued by the defendant.   The verdict was in favor of the plaintiff, and the defendant excepted to the overruling of a motion for new trial.

There is much discussion in the briefs of both parties as to whether the evidence disclosed that the defendant was merely a life-insurance company or was a fraternal benefit association, and therefore whether the plaintiff was bound by the by-laws of the defendant or merely by the provisions contained in the policy.   The husband died on August 24, 1932, and on that date his premiums and dues were in arrears, for the months of April, May, June, July, and August. The policy required the deceased to pay $1.15 monthly as premium and 25 cents monthly as current local council dues. These premiums and dues had been paid by the deceased from March 15, 1928, the date of the issuance of the policy, until March, 1932. The policy provided that payments made monthly must be made by the 20th of each month, or within thirty days thereafter, *otherwise the policy lapsed.*   See *The Prætorians* v. *Cowart,* 50 *Ga. App.* 124 (177 S. E. 89), where it was held:   "By the quoted terms of the certificate itself, it was the plain and manifest purpose and intent that the continuance of the policy in force was predicated upon the prompt payment of the stipulated premiums, so as to bring the case within the rule that the punctual payment of insurance premiums, as and when due, is of the essence of the contract of insurance, and a failure to make such payment in strict compliance with the terms of the contract, in the absence of a waiver expressly made or

arising by reasonable implication, results in a forfeiture of the policy." The certificate there construed was the same as contained in the policy in the case at bar. Nor do we think the contention of the plaintiff sound, that, since the evidence disclosed that the defendant had issued to plaintiff a plain life-insurance policy, and not a fraternal-benefit-association membership, the payment of 25 cents monthly as local-council dues was unauthorized, and therefore should have been applied to the premiums that were not paid, which would have kept the policy in force at the time of the death of the insured; for the insured paid this amount with knowledge of its purpose and character, and, by his own action in the execution of the health *reinstatement certificate,* recognized that his policy was in a lapsed condition. No duty devolved upon the insurance company to apply the payments of local-council dues to unpaid premiums, for, although the defendant may be considered only as having issued to the insured a plain life insurance policy, it can not be said that because part of the required premium was denominated local dues, such charge was unauthorized and illegal and amounted to an over-payment of his premium. The certificate further provided, "Upon lapse of this policy by failure to pay dues, the same may be reinstated by submitting satisfactory evidence of good health and insurability and upon payment of all arrears, together with dues for current month."

The question, therefore, here presented is whether an application for reinstatement of the policy, enclosing money order to pay all arrears, made by the deceased on August 20th while he was in good health, was accepted by the company and the policy reinstated. The deceased, while in arrears and after his policy had lapsed, on August 10 sent to the defendant at Dallas, Tex., a money order for seven dollars, covering premiums and dues for five months. This letter was as follows:

"The Prætorian Insurance Co., Dallas, Tex. Dear Sir: Enclosed find ($7.00) seven dollars for due for the past 5 mo. I am sorry but just could not get it in before now. Thanking you for your kindness. Respt. (Signed) C. R. Cook, Attapulgus, Ga."

In reply to this communication the defendant company wrote on August 17, 1932, as follows: "Mr. C. R. Cook, Attapulgus, Ga. Dear Sir: Thanks for money order for $7.00, intended as premium on your policy No. 163058 for five months from April 1, 1932.

However, as April, May, June and July will have been paid late, it is necessary to have satisfactory evidence of good health; and we enclose health-certificate blank, which please execute and return to us. *In the meantime we are holding remittance in suspense, subject to your order.* (Italics ours.)

"Yours very truly, (Signed) John W. Payne, Secretary."

The health certificate enclosed in the defendant's letter was executed by the insured at Attapulgus, Georgia, on August 20. It read as follows: "Application for reinstatement.

"To the Prætorians: My policy, No. 163058, having lapsed, I hereby tender all unpaid premiums, including the current month amounting to $7.00, and warrant that I am now in good health and have been so since date of lapse (except as stated below).

*"It is understood that my right of reinstatement is subject to the approval of the Home Office.* (Italics ours.)

"T. W. Salter, Witness.                          C. R. Cook, Insured.

"Dated Aug. 20, 1932, Town Attapulgus, State Ga."

On August 25, 1932, Trulock, agent of the defendant in Decatur County, wired the defendant in Dallas, Tex., that Cook, the insured, was dead. The insurer replied by wire the same date, stating that the policy of the deceased lapsed in April, 1932. On the same date a letter enclosing the original money order was returned to the agent, Trulock, which reads in part as follows: "We enclose herewith money order for $7.00, which we have been holding in suspense awaiting satisfactory evidence of good health of Mr. Cook. Almost simultaneously with receiving your wire advising death of this party, we received health certificate stating he was in good health. However, under the circumstances, we can not see how this can possibly be true, and we are therefore returning the money order to you and asking you to return it to the beneficiary." This enclosed money order was delivered by Trulock to the plaintiff, who afterwards returned it, and it was in evidence. It was testified that it takes three days, if a Sunday intervenes, for a letter to travel from Attapulgus, Ga., to Dallas, Tex. While there was evidence on the part of the plaintiff that the policy had lapsed several times before and had always been reinstated upon a payment of all arrears, and that the insured stated in his application for reinstatement that he was in good health, yet the application expressly provided that "It is understood that the right of rein-

statement is subject to the approval of the home office," and the evidence conclusively shows that the lapsed policy of the insured had never been actually reinstated by approval of the reinstatement certificate by the defendant. There was no evidence whatsoever to show an approval and acceptance by the reinstatement by the defendant, and nothing was shown to estop it from denying that it had so approved the certificate. The evidence showing that the policy had lapsed, it was incumbent on the plaintiff to show that it had been properly reinstated; and this the evidence failed to do.

We are therefore of the opinion that the evidence demanded a verdict in favor of the defendant, and that the court erred in overruling the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Guerry, J., concur.*