26175. INTERSTATE LIFE AND ACCIDENT INSURANCE COMPANY *v.* REID.

DECIDED JULY 3, 1937.

*Maddox, Matthews & Owens,* for plaintiff in error.
*Charles F. Douglas, Robert D. Tisinger,* contra.

FELTON, J. The life-insurance policy sued on lapsed for nonpayment of premiums, on May 13, 1935. In the latter part of July, or the first part of August, 1935, the insured sent a money order for $10.80, to the company, receipt of which was acknowledged on August 3, in which letter it was stated: "It will be necessary to revive this business; and we would like to have your street address, so that we can have some one see you personally." This letter was returned by the post-office, undelivered. The money order was placed in the insurer's safe, and was not cashed until after the death of the insured. On August 14, a letter was received from the insured, asking why he had not received a receipt for his money order. The company, in reply, wrote to the insured, explaining the non-delivery of the letter of August 3, and stating further: "The revival application was turned over to the home office for inspection, and this was sent back to us for your address. When your money order reached us your grace period was up,

and would necessitate a revival. We are referring same back to the home office since we have received your letter of August 14th; and should this policy not be revived, we will return your money order of $10.80." Not hearing from the insured in reply to the last letter, the company again wrote as follows: "We are attaching a revival application on policy number 1417513. If you will complete and sign, and also have certificate of inspection completed before a physician and return to us, we will endeavor to revive this policy." The insured executed a revival application on September 27, and obtained a money order on that date for $5.40, which was received at the Chattanooga branch office about September 30, or a day or two thereafter. It was acknowledged on October 5. The revival application contained the following: "I hereby declare that I am the person who was formerly insured under the above-named policy; and that, having allowed it to become lapsed, I ask a revival of my policy on the understanding that it will not be in force (although I now pay the arrears) until the company shall have approved the application and consented to such revival; and that my policy, if revived, shall only be in such benefit as provided by the conditions of my policy." Section 8 of the policy provided that it might be revived, "*at the option of the company,* upon payment of all premiums in arrears, the presentation of evidence of insurability satisfactory to the company, and the return of the policy to the home office for proper endorsement." Insured was accidentally hurt on September 29, and died early in the morning of September 30. No action was taken by the insurer on the application for revival before the death of the insured.

1. Regardless of whether the revival application reached the insurer before the death of the insured, there had been no action on the application, and therefore the policy was not in force and effect at the time of his death. The company had the "*option*" to reinstate or not, in its pleasure or discretion, with or without good reason, and was under no legal obligation to reinstate on payment of arrears and evidence of insurability. It is immaterial that the insurer might have actually prevented a reinstatement by negligent delays in attending to the application and in putting it through the process of final approval. See *The Prætorians* v. *Cook*, 50 *Ga. App.* 691 (179 S. E. 147). Nor did the conditional accept-

146

ance of the money order for $10.80 effect a continuance or revival of the policy, especially in view of the insured's agreement to the contrary in his application for revival. The evidence demanded a verdict for the insurer, and the court erred in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*